SCHOOL DISTRICTS NOS. 16, 32, 37, 39, 53 AND 64, OF HAMILTON COUNTY, PLAINTIFFS IN ERROR, v. SCHOOL DISTRICT, No. 9, OF HAMILTON COUNTY, DEFENDANT IN ERROR.

Pleading: SCHOOL DISTRICT. To state a cause of action against a school district for money "paid, laid out and expended," for its use, and at its request, facts must be averred which show that the supposed indebtedness was such as the district could lawfully incur.

ERROR to the district court for Hamilton county. Heard below, on demurrer to the petition, by POST, J. Demurrer sustained and cause dismissed.

*Abbott & Caldwell*, for plaintiff in error.

The action is not for money loaned, but for money "paid," and it is not necessary to state that the indebtedness was lawfully incurred. Maxwells Pl. & Pr., 152, 153. 1 Nash Pl. & Pr., 151, and cases cited.

*A. W. Agee*, for defendant in error, cited *The People, ex rel. Hunter v. Peters*, 4 Neb., 255. *School District v. Stough*, Id., 357. *Merrick County v. Batty*, 10 Neb., 176.

LAKE, CH. J.

The error complained of was in sustaining a general demurrer to the petition. The action was brought by school districts Nos. 16, 32, 37, 39, 53 and 64, of Hamilton county, against district No. 9, to recover a sum of money alleged to be due in these words, viz: "that the said defendant was, on the 14th day of January, A. D. 1878, indebted to the said plaintiffs in the sum of seven hundred dollars and ninety-six cents, for so much money before that time by the said plaintiffs paid, laid out and expended to and for the use of the said defendant, and at its request; and which said sum of money the plaintiffs

16

aver was then due and payable, yet the said defendant, though often requested, hath not paid said sum of money, or any part thereof, or any interest thereon. Wherefore the said plaintiffs pray judgment," etc.

If the parties to this action were private persons, probably this statement would support a judgment for the amount demanded, and therefore withstand the demurrer. But, being school districts — mere creatures of statute — and possessing no powers whatever beyond those given by the legislature, they are unable to contract, *ad libitum*, as individuals may do, but only respecting objects, and to the extent the laws permit, and a more definite statement is required. Enough should be stated to show that the alleged indebtedness was one which the district could incur. In this petition, very clearly, there is not. We have no right to infer from the fact that money was paid, laid out and expended, to and for the use of a school district, and at its request, that the expenditure was a lawful one.

While it is true that, under the code, great liberality is required in construing pleadings, still this general rule must not be lost sight of, that when presumptions are indulged, they must be taken most strongly against the pleader. With no facts alleged showing the character of the supposed indebtedness, this rule requires us to infer that it was not such as the district could lawfully incur. We think that the demurrer was properly sustained, and the judgment must be affirmed.

JUDGMENT AFFIRMED.