CITY OF KEARNEY V. GEORGE H. DOWNING.

FILED JANUARY 3, 1900. No. 9,069.

Municipal Corporations: EXPENSES: APPROPRIATIONS. The council of a city of the second class, having over 5,000 inhabitants, can not lawfully incur expense, or enter into contract therefor, unless money has been previously appropriated for that purpose, or the expenditure has been previously sanctioned by a majority of the electors of the city.

ERROR from the district court of Buffalo county. Tried below before GREENE, J. *Reversed*.

*William Gaslin* and *N. P. McDonald*, for plaintiff in error.

*Fred A. Nye* and *E. Frank Brown, contra*.

NORVAL, J.

George H. Downing sued the city of Kearney to recover for a quantity of coal alleged to have been furnished by him to the temporary poor in said city. A general demurrer to the petition was interposed by the defendant, which was overruled by the court below, and

the plaintiff obtained judgment, to reverse which is the purpose of this proceeding.

The main proposition argued in the briefs, whether the city of Kearney is liable for the relief furnished the temporary poor within the city, we are unwilling at this time to consider or decide, since the question is not presented by the record.

By section 39, chapter 14, article 2, Compiled Statutes, it is provided that "the city council shall, within the last quarter of each fiscal year, pass an ordinance, to be termed the 'annual appropriation bill,' in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, not exceeding in the aggregate the amount of tax authorized to be levied during the then ensuing year; and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriations shall be made at any other time within such fiscal year unless the proposition to make such appropriation has been first sanctioned by a majority of the legal voters of such city, either by a petition signed by them, or at a general or special election duly called therefor; and all appropriations shall end with the fiscal year for which they were made; *Provided*, That the fund arising from 'road taxes,' as in this chapter provided, shall be deemed specially appropriated, and shall not be included in the annual appropriation ordinance; *And provided further*, That no warrant shall be drawn, account allowed, or debt contracted with reference to such fund unless there shall be money in the treasury for the payment thereof; *And provided further*, That nothing herein shall be construed to prohibit the council from appropriating other money in the annual appropriation bill for the use of streets, grades, and bridges." Section 40 of the same article and chapter declares: "Before such annual appropriation bill shall be passed, the council shall prepare

an estimate of the probable amount of money necessary for all purposes to be raised in said city during the fiscal year for which the appropriation is to be made, including interest and principal due on the bonded debt and sinking fund, itemizing and classifying the different objects and branches of expenditures, as nearly as may be, with the statement of the entire revenue of the city for the previous fiscal year, and shall enter the same at large upon its minutes, and cause the same to be published four weeks in some newspaper published or of general circulation in the city." Section 41 reads: "The mayor and council shall have no power to appropriate, issue, or draw any order or warrant on the treasurer for money, unless the same has been appropriated or ordered by ordinance, or the claim for the payment of which such order or warrant is issued has been allowed, according to the provisions of this chapter, and appropriations for the class or object out of which such claim is payable has been made as provided in section 41 (39). Neither the city council, nor any department, or officer of the corporation, shall add to the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill for that year, except as herein otherwise specially provided; and no expenditure for any improvement, to be paid for out of the general fund of the corporation, shall exceed in any one year the amount provided for such an improvement in the annual appropriation bill; *Provided, however*, That nothing herein contained shall prevent the city council from ordering, by a two-thirds vote, the repair or restoration of any improvement, the necessity of which is caused by any casualty or accident happening after such annual appropriation is made, or, by a like vote, from making necessary appropriations for quarantine or hospital purposes in case of the outbreak of virulent epidemic or contagious disease. The city council may, by a like vote, order the mayor to borrow a sufficient sum to provide for the expense necessary to be incurred in making any

repairs or restoration of improvements, the necessity of which has arisen, as is last above mentioned, for a space of time not exceeding the close of the next fiscal year, which sum and interest shall be added to the amount authorized to be raised in the next general tax levy, and embraced therein. Should any judgment be obtained against the corporation, the mayor, under the sanction of council, may borrow a sufficient amount to pay the same, for a space of time not exceeding the close of the next fiscal year, which sum and interest shall, in like manner, be added to the amount authorized to be raised in the general tax levy of the next year, and embraced therein." Section 42 follows: "Sec. 42. No contract shall be hereafter made by the city council or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the city council or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided."

There is no averment in the petition to the effect that the city of Kearney, by ordinance or otherwise, had made an appropriation of any sum of money to be devoted to the relief of the temporary poor within the city, or for any other purpose. Therefore, under the provisions of the statute quoted, the city of Kearney could not lawfully incur an indebtedness for relief furnished its temporary poor. See *City of Blair v. Lantry*, 21 Nebr., 247; *McElhinney v. City of Superior*, 32 Nebr., 744. It is strenuously insisted that this question was not presented to the trial court, and for that reason is not available here. The point was sufficiently raised by the general demurrer to the petition. For the reason stated, the judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.