NEBRASKA TELEPHONE COMPANY, APPELLANT, V. CITY OF
RED CLOUD, APPELLEE.

FILED JUNE 16, 1913.   No. 17,127.

Municipal Corporations: LIABILITY FOR MATERIAL: PLEADING.  Where
a city receives and retains property for a purpose authorized by
statute, and under a contract which it has the general power to
make, but which is invalid for failure to follow some of the
requirements of the statute, the fact that the petition, in an
action to recover the reasonable value of the property, does not
allege the existence of facts necessary to a valid contract, such
as the prior making of an appropriation, the letting to the lowest
bidder, etc., does not make the pleading vulnerable to a general
demurrer.

APPEAL from the district court for Webster county:
HARRY S. DUNGAN, JUDGE. *Reversed.*

*Edgar M. Morsman, Jr.,* and *Bernard McNeny,* for appellant.

*J. S. Gilham* and *L. H. Blackledge, contra.*

LETTON, J.

The only question presented is whether the amended
petition in this case states facts sufficient to constitute a
cause of action.  In substance, its allegations are that the
city of Red Cloud in 1906 decided to erect a municipal
electric light plant, and that on or before September, 1906,
said city entered into a valid contract with plaintiff,
whereby plaintiff agreed to furnish and install for the city
certain poles of the kind and character mentioned in a
certain memorandum, which was attached to and made a
part of the amended petition; that the poles were necessary
for the construction of the plant; that defendant agreed to
pay plaintiff for the same the sum of $1,404.50; that plain-
tiff delivered the 500 poles, and the same were accepted
by the defendant city and were used by it in the construc-
tion of the plant; that $1,404.50 was the reasonable mar-

ket value of the poles so delivered; that the city has paid to plaintiff on account of the purchase price the sum of $1,000, leaving a balance due and unpaid of $404.50; that as evidence of the balance due it delivered to plaintiff its warrant for $404.50, a copy of which is attached to the petition; that the warrant was duly presented for payment and payment refused; and that the city has refused to pay the balance due on the poles, though often requested so to do by plaintiff. A general demurer to this petition was sustained and the action dismissed.

Counsel for the city contend that the amended petition is insufficient to state a cause of action, because it fails to allege the appropriation of any sum of money for the purpose for which the contract was made; that it is also defective in that it fails to aver that the council advertised for bids, that plaintiff was the lowest bidder, and that the contract entered into was in conformity with the bid; that it fails to allege that the contract was entered into on behalf of the city by its mayor and council; and that each and all of these are necessary averments—citing *Gutta Percha & Rubber Mfg. Co. v. Village of Ogalalla*, 40 Neb. 775; *Tullock v. Webster County*, 46 Neb. 211; *City of Kearney v. Downing*, 59 Neb. 549; *De Wolf v. Village of Bennett*, 3 Neb. (Unof.) 470; *City of Plattsmouth v. Murphy*, 74 Neb. 749; *Murphy v. City of Plattsmouth*, 78 Neb. 163; and *School District No. 16 v. School District No. 9*, 12 Neb. 241.

While the writer would be inclined to take a different view upon the question of pleading from that taken in those cases cited which involve this point, and to hold that the presumption of regularity of official conduct applies, that the general allegations of the petition are sufficient *prima facie* to state a liability of the city on the contract, that the failure to perform any acts required by statute in order to make the contract a valid one, such as failure to make a prior appropriation or to advertise for bids, are matters of defense, which should not be anticipated, but which the adverse party should set forth in the answer, it

seems that this question has been foreclosed by the decisions holding that these matters must affirmatively appear in the petition. These decisions, however, apply purely to pleadings in actions founded solely on the contract. The petition before us, however, does not predicate the right to recover upon the contract alone, but asks for a recovery of the reasonable market value of property received and retained. In such a case, the later decisions of this court indicate that, even though the statutory requirements as to the making of a contract have not been carried out, if the city authorities are vested with the general authority to do the act for the performance of which the materials are supplied, and there are no elements of other than fair dealing shown, and the city elects to keep the property, there may still be a recovery for the reasonable value of the same.

By the act of 1889 (laws 1889, ch. 19, Comp. St. 1911, ch. 14, art. I, sec. 124) the city is given power to establish and maintain an electric lighting plant. The city council has power to establish the plant without submitting the question to a vote of the people. A levy of 5 mills may be made by the council every year for the purpose of establishing, extending and maintaining the plant. If this amount is insufficient, bonds may be issued for the purpose (sec. 125). The facts stated in the petition show that the city procured the poles from the plaintiff upon a promise to pay for the same; that it accepted them, used them in the construction of its plant, and still retains them, while refusing to pay either the reasonable value of the same or the contract price. While it is true that municipal corporations are governed by the provisions of their charters, and that in the absence of powers granted, either expressly or impliedly by the charter, they have no authority to contract, still, when a city is engaged in an enterprise authorized by its charter, and by virtue of its apparent authority to contract procures property which it uses in such enterprise and retains in its possession, it may become liable for the reasonable value of the same. *Rogers v. City of*

*Omaha,* 76 Neb. 187; *Cathers v. Moores,* 78 Neb. 13; *Rogers v. City of Omaha,* 80 Neb. 591; *Nebraska Bitulithic Co. v. City of Omaha,* 84 Neb. 375.

It is somewhat difficult to reconcile the cases in this and other courts, but the pivotal point under our former decisions seems to be whether the city had the general power to make such a contract. If it had no such power, its acts are *ultra vires* and void, and the rule of the cases cited by defendant applies with full force. If it had the power, but the manner of its exercise was irregular or defective, and the city accepts, makes no offer to return, and still retains property obtained by virtue of the irregular proceedings, it is bound, both morally and legally, to pay the reasonable value thereof, not under the void contract, but by way of compensation. 2 Dillon, Municipal Corporations (5th ed.) sec. 794. The principle has been fully discussed in former opinions, which are collected in *Miles v. Holt County,* 86 Neb. 238. See, also, note to *McCormick v. City of Niles,* 27 L. R. A. n. s. 1117 (81 Ohio St. 246).

We are of the opinion that the petition states a cause of action, and that the court erred in sustaining the demurrer and dismissing the case. The judgment of the district court is therefore.

REVERSED.

ROSE, J., dissents.

FAWCETT, J., not sitting.