HUMBOLDT COUNTY, Appellant, v. INCORPORATED TOWN OF DAKOTA CITY et al., Appellees.

**MUNICIPAL CORPORATIONS:** Streets—Contracts With County for
1  Federal and State Aid. Towns may validly contract with the county for the permanent improvement of their streets, under Federal and state road legislation.

**PARTIES:** Plaintiffs—County as Party in Interest. The county is the
2  real party in interest in an action to enforce a contract between the board of supervisors and a town for the improvement of the streets of the town under Federal and state road legislation.

*Appeal from Humboldt District Court.*—DANIEL · F. COYLE, Judge.

DECEMBER 14, 1923.

REHEARING DENIED MARCH 7, 1924.

PLAINTIFF seeks to recover against the incorporated town of Dakota City, Iowa, the sum of $8,300 and interest, and prays for an order of mandamus to compel defendant town and its officers to proceed as by law provided to create by taxation a sum sufficient to pay said fund. The opinion states the facts.

Defendants interposed a motion to strike certain paragraphs of the plaintiff's petition and to dismiss the petition, which motion was sustained. Plaintiff appeals.—*Reversed.*

*C. W. Garfield* and *Mitchell & Files,* for appellant.

*Kelleher & Mitchell,* for appellees.

DE GRAFF, J.—A statement of the pleadings in this case and a brief recital of the history of the legislation, both Federal and state, giving rise to the questions involved herein are necessary for an intelligent understanding of this appeal. Of these in their order:

1. MUNICIPAL CORPORATIONS: streets: contracts with county for Federal and state aid.

Plaintiff is a county organized and existing under the laws of the state of Iowa. The defendant Dakota City is an incorporated town of Iowa. Certain streets in the defendant town are rural post roads, within the definition of the act of Congress relating thereto, and are also primary roads or extensions thereof, within the meaning of our state law. It is alleged in plaintiff's petition:

"That in said year of 1919, contract was entered into between the plaintiff county and the defendant town, by the terms of which it was agreed that the board of supervisors of said Humboldt County, acting for said county, should take over, improve, and maintain the following streets and highways in said town, to wit: * * * and that, in consideration of the plaintiff county taking over, improving, and maintaining said streets, the defendant town of Dakota City would raise and pay the sum of $8,300, to be expended upon the improvement of said streets. That said contract was in writing, and was made up of a resolution adopted by the council of the defendant town of Dakota City and a petition presented to the board of supervisors of Humboldt County, acting for said county, and which resolution and petition was accepted, made a matter of record, and acted upon by said county."

The said petition of the town council is in words and figures as follows:

"To the Honorable Board of Supervisors:

"The town council of the town of Dakota City, Iowa, acting

for said town, hereby petition your honorable body to take over, improve, and maintain the following described streets and highways in said town, to wit: [the streets are here described]

"Your said petitioners hereby pledge themselves to raise $8,300 to be expended upon a permanent improvement upon the said described streets and highways to meet the requirements for the procuring of the contemplated state and Federal aid, it being the intention of these petitioners to surrender to the board of supervisors acting in and for the above Humboldt County, Iowa, complete jurisdiction to construct permanent improvements upon said streets and highway, and maintain the same.

"Signed this ........ day of March, 1919.

"Wm. Saddoris, Mayor.
"E. L. Meek, Clerk."

The resolution attached to the petition reads:

"Be it resolved by the town council of the town of Dakota City, Iowa, that the following petition be presented to the board of supervisors of Humboldt County, Iowa, and if accepted by said board, that the said town of Dakota City, Iowa, by its council, be bound by the terms of said petition."

The resolution and petition are described as a resolution and agreement under which the board of supervisors caused the streets "to be improved by constructing permanent pavement or hard surface thereon, and by grading and graveling a part of the street or highway." An amendment to the petition was filed, alleging that "the taking over and maintaining of the streets was for the purpose only of improving said streets, pursuant to the Federal and state statutes with reference to Federal aid."

It is further alleged that the acceptance consisted of a resolution adopted by the board of supervisors at the regular April, 1919, session of the board, held on April 7, 1919. This resolution recites the act of Congress and the Acts of the Thirty-seventh General Assembly in relation to the subject-matter, and that "Humboldt County's apportionment of said fund for the period covered by the Federal Aid Act is $33,895.40," and then proceeds:

"Now, therefore, be it resolved by the board of supervisors of Humboldt County, Iowa:

"That we hereby make application to the Iowa state highway commission for Humboldt County's apportionment of the Federal-County-Co-operative Road Fund, and that we hereby designate the following streets and roads within the city of Humboldt and the town of Dakota City for improvement with this fund."

It further declares:

"That we pledge the good faith of the county:

"(1)    To provide funds for and cause to be constructed of permanent construction all culverts on said project, and all bridges, except as otherwise agreed upon by the state highway commission and the board of supervisors.

"(2)    To provide $.....in addition to Humboldt County's portion of the Federal-County-Co-operative Road Fund, to be used in the construction of the project.

"(3)    To provide the necessary funds for, and to secure the necessary right of way as may be required by the finished plans, and

"(4)    To enter into contract with the state highway commission to cause said road to be improved in accordance with the plans and specifications and to maintain said improvements in accordance with the Federal Aid Road Act and the rules made thereunder.

"This application for Federal aid and the project outlined, and pledges made hereunder, are based on and made in consideration of the resolutions passed on the 18th day of March, 1919, by the city council of the city of Humboldt and the town council of the town of Dakota City, requesting Humboldt County to take over the improvement and maintenance of roads and streets described herein, and pledging certain right of way and moneys in aid of such improvements."

Plaintiff further alleges that the state highway commission received the application of the board of supervisors, acted thereon, and approved the same; that plaintiff entered upon the improvement of the streets of the defendant town, advertised for bids, and let contracts by and with the approval of the state highway commission; that the streets in the town were closed or partly closed for traffic while the improvement was constructed, with the knowledge, consent, and co-operation of

the town. Plaintiff prays that the court either render judgment against the said town for the sum of $8,300, with interest, or that it decree the liability of said town to be in said sum, with interest, and require the defendants the town and its town council to levy tax or taxes to raise the said sum, with interest and costs, and pay the same over to the plaintiff. The rights asserted by the plaintiff to recover the $8,300 or other relief were challenged by motion: (1) To strike the names of the individuals joined with the town as defendants, for the primary reason that it is a misjoinder of parties, and the pretended contract sued upon is in no respect a contract of said individuals, either as officers or otherwise; (2) to strike from plaintiff's petition the paragraph which pleads a contract providing for the attempted transfer of the jurisdiction of rights, obligations, and duties in respect to highways within the limits of an incorporated town, for the reason that such attempted transfer is beyond any power possessed by the said town to transfer, or by Humboldt County to accept such transfer; (3) to strike from plaintiff's petition Paragraph 5, which alleges generally the right of the town to improve its streets, for the reason that there is no authority to pay for paving out of the general fund of said town, and there is no showing of any compliance with Chapter 7 of Title V of the Code and amendments thereof, and it affirmatively appears that the same were not complied with; (4) to strike from plaintiff's petition Paragraph 7, in which it is alleged that plaintiff has demanded of said defendant town that it pay the sum of $8,300, as provided in the resolution and petition, and that said defendants have failed and refuse to pay the same or take the necessary action to secure the funds to make such payment.

Other matters are alleged in said motion in appropriate divisions, but it is unnecessary to embody same in this statement.

An amendment to said motion, however, was filed, by adding the following:

"The said defendant further moves to strike said petition from the files, and to strike the prayer thereof, and to dismiss said petition, for the reasons and upon the grounds following, to wit: (a) The plaintiff, Humboldt County, Iowa, is not the real party in interest. (b) The said plaintiff, Humboldt County, Iowa, is not entitled to collect or recover the amount or

sum sued for herein, and is not entitled to the funds sued for. (c) The said petition upon its face shows that the said county of Humboldt, Iowa, is not entitled to the said fund, and is not entitled to bring or maintain an action in mandamus under the statutes of the state of Iowa, for the levying of a tax. (d) The said petition as now amended upon its face shows that there is and was no promise to pay unto said Humboldt County, Iowa, the plaintiff in said suit. (e) There is no consideration moving in favor of Humboldt County, as shown by the petition as now amended. (f) The petition as now amended, upon its face shows that the resolution or petition of the said town of Dakota City was specifically conditioned upon the taking over by the board of supervisors of the streets and alleys described in plaintiff's petition, and further specifically conditioned upon the obligation to maintain the said streets and alleys, and specifically conditioned upon the board of supervisors' assuming complete jurisdiction to construct permanent improvements upon said streets, and maintain the same; and that, unless the proposal to surrender complete jurisdiction was accepted, there was no meeting of the minds and no mutuality in any alleged contract or obligation sued upon.''

Defendants' motion as amended was sustained, striking from the files plaintiff's petition and dismissing said petition, to all of which plaintiff duly excepted.

At this point we will briefly summarize the history of the legislation on which the questions on this appeal arise. On July 11, 1916, Congress enacted Chapter 241, 39 Statutes at Large (Sections 7477-a to 7477-i, inclusive, Compiled Statutes), defining the conditions upon which Federal aid would be granted to a state for highway construction. The scheme included the following:

(a) Co-operation with state highway departments to construct rural post roads; (b) the definition of a rural post road, and where the same could be constructed; (c) making an appropriation to carry the act into effect; (d) providing how the act should be carried out through the Federal department of agriculture and the state highway departments, the appropriation to be available for the states within the limit specified in the act

when a road was built in accordance with approved specifications.

The general assembly of Iowa thereafter adopted Chapter 249, Acts of the Thirty-seventh General Assembly, which (a) pledged the co-operation of the state for the period for which the Federal funds were appropriated; (b) authorized the state highway commission to select from the roads which are now or hereafter may become rural post roads, certain roads, to include a part of each of the 99 counties of the state. It also directed the highway commission before making such selection or designation to request the co-operation and assistance of the boards of supervisors of the respective counties; (c) authorized and directed the highway commission to negotiate with the secretary of agriculture; (d) provides that the boards of supervisors in the several counties may by resolution apply to the highway commission for apportionment among the respective counties of the shares of counties in Federal aid funds, indicating in particularity what portion of the system designated by the state highway commission in such county they desire first to improve, and specifying clearly the general character of the improvement which it proposes to make. Boards of supervisors are authorized to enter into agreements with the highway commission on forms prepared by it, which would be valid contracts between the counties and the commission to cause the improvement to be made according to the plans and specifications adopted in the manner required by the Federal Aid Act; (e) provided a method of certifying the work, in order to obtain the funds, and designated the general plan.

From the pleadings and from the provisions of the law in relation to the allegations of plaintiff it is seen that the primary issue is the authority of the appellant county and the appellee town to enter into an agreement by the terms of which Humboldt County was to take over and improve certain streets and highways in said town and maintain the improvement, and the town was to contribute $8,300 toward the cost and maintenance of such improvement. Did Humboldt County and Dakota City have the legal right to enter into the arrangement as disclosed by plaintiff's petition, for the purpose of securing Federal aid, by the terms of which Humboldt County would agree to con-

struct the improvement and maintain the same? Was the agree-
ment *ultra vires:* that is, beyond the authority of the county and
town? We do not hesitate to hold that Hum-
boldt County is the real party in interest. The
agreement was made with Humboldt County,
acting by its board of supervisors, and under
the acts of the state legislature, the county is the only authority
that could make the agreement. The petition prays for an order
of mandamus, and each of the defendants was a necessary party.
Humboldt County is the only civil subdivision that could receive
Federal aid and bind itself to maintain the improved streets and
highways, which were post roads, as defined by the act of con-
gress. The state law accepting Federal aid specifically refers to
the county, and it contemplates action by and through its board
of supervisors.

The resolution and petition specifically state that it is Hum-
boldt County, acting by its board of supervisors. The agree-
ment was with Humboldt County. The act of our state legis-
lature names the boards of supervisors of each county as the
body or civil subdivision of the state to make application for
Federal aid and to take the necessary legal action and obligate
the county to cause the improvement to be made. We discover
no merit in the motion of defendants predicated on the ground
of misjoinder of defendants, or that plaintiff is not the real
party in interest.

Was the petition of defendant town and its acceptance by
the county void and unenforcible? This is the pertinent ques-
tion and the crux of this case. No one questions that the parties
acted in good faith. If the town can escape payment, it must
be for the reason that the pleaded agreement is contrary to law.
It cannot be questioned that the town, under our statute, has
exclusive jurisdiction over its streets, nor can it be questioned
that the right of the defendant town to proceed existed under
Title V, Chapter 7, of the Code; but failure to so proceed does
not bar a recovery. If a town has a legal right to make a con-
tract, and the other parties to the contract have acted thereon,
the town cannot escape payment, where there is a lawful means
by which payment can be made. *Fort Dodge Elec. Lt. & P. Co.
v. City of Fort Dodge,* 115 Iowa 568; *Bucroft v. City of Council*

*Bluffs,* 63 Iowa 646; *Hitchcock v. Galveston,* 96 U. S. 341; *Nebraska Tel. Co. v. City of Red Cloud,* 94 Neb. 6 (142 N. W. 534); *Board of Water Com. v. Village of Highland Park,* 192 Mich. 607 (159 N. W. 160).

A city or town has the right to improve its streets and pay therefor from the general fund, or from the highway or poll taxes, or partly from each of said funds. Section 751, Code Supplement, 1913. It is not necessary that it proceed under Title V, Chapter 7, of the Code. It might do so if it saw fit. It is also true that a town cannot surrender the control of its streets, so as to escape the obligation to keep the same in a reasonably safe condition. The pertinent question is, did the town surrender control of its streets for the purposes in question? A city or town may contract to have a street improvement kept in repair, and the statute requires that all contracts for street improvements shall obligate the contractor to keep the same in repair for not less than four years. Chapter 234, Acts Thirty-eighth General Assembly. It is a misnomer to say, under the terms of the contract in this case, that the town abdicated its control of its streets. Whatever surrender there was, simply contemplated the construction in said streets of permanent improvements, within the purview of the acts of Congress and of our state legislature. The Federal aid was secured in the only manner in which, under the law, it could be secured. The penalty for failure to maintain the improvement is the withdrawal of further aid from said state or the civil subdivision thereof whose duty it is to maintain said road.

If appellees' position is correct, we are presented with a novel situation: that both the Federal and state law provide for something that cannot be done, because contrary to the state law. If it may be said that the agreement between the county and town is void, then there is no possible way that Federal aid can be given for the improvement of streets and highways that come within the provisions of the act of Congress, the act of our state legislature, and the circumstances of the instant case. The state legislature accepted the provisions of the Federal act, and provided the method of procedure to obtain Federal aid. This method was followed. Is it contrary to law or against public policy to permit the town of Dakota City to petition the

board of supervisors, asking the board to proceed to secure Federal aid and improve its streets as contemplated by the petition? We repeat that under the terms of the agreement the town did not surrender the control of its streets. When a town lets a paving contract to a contractor to improve its streets, he takes possession thereof, and agrees to maintain the improvement for a period of years. It may not be said that, because a contractor has agreed to keep in repair an improvement constructed by him for a reasonable length of time, the city surrenders the control of its streets. Such action is not legislative nor a delegation of power. It is not claimed that the act of Congress interferes or attempts to interfere with the obligation and power of cities or towns to supervise and control their streets. Congress possesses no such power.

Many propositions not noticed in this opinion are advanced by appellees, and we have been furnished with a brief that may well command the attention of any appellate court. As heretofore indicated, there is but one real issue, and this proposition involves the authority of the town and county to enter into the agreement in question. We answer that the authority, power, and jurisdiction were present, and that the learned trial court was in error in sustaining defendants' motion to strike and to dismiss. Wherefore the cause is—*Reversed.*

PRESTON, C. J., STEVENS and VERMILION, JJ., concur.