MATT A. DUNN, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

OCTOBER 23, 1928.

*Fred H. Free,* for appellant.

*Henry C. Shull, S. F. Wadden,* and *T. F. Griffin, Jr.,* for appellees.

FAVILLE, J.—This cause is submitted upon a stipulated state of facts, from which it appears that the appellant is a resident and taxpayer of Sioux City, and that the latter is a municipal corporation, duly organized under the laws of this state, and that the individual appellees are officers of said city. It is stipulated that, for more than three years prior to the institution of this action, the said appellees have constructed public storm sewers within the streets of said city, without first passing any resolution of necessity therefor, or preparing and filing a plat or schedule of said improvements, or fixing a time for hearing or publishing notice of any hearing, or ordering such improvements by recorded vote of the council. It is further stipulated that the appellees have, during said time, by private contract, purchased sewer pipe and other material for the construction of public sewers, without there being any competitive bid or advertisement published therefor. It is also stipulated and agreed that none of the cost of sewer construction referred to in said petition has been certified to or assessed against abutting property owners. It is further stipulated that it is the purpose and intention of the appellees, unless restrained by order of court, to continue to purchase materials on open account for the construction and repair of storm sewers in cases where the cost thereof is not to be assessed against the abutting property, and to allow claims therefor. It is also stipulated that the appellees have allowed claims for the material so purchased, and have issued or caused to be issued warrants upon the sewer fund of the appellee city in payment of said materials and labor.

The case presents but one question for our consideration, and that is whether or not a city, under the laws of this state, can make improvements in the nature of construction and repairs of sewers and pay for the same out of the general sewer fund of the city, where there is no attempt to assess the cost of the same against abutting property owners, without passing a resolution of necessity, or publishing notice, and proceeding in all other respects as provided by Chapter 308 of the Code of 1927. The identical question appears to have been before us in *First Nat. Bank v. City of Emmetsburg*, 157 Iowa 555. In said case we said:

"At the threshold of the several propositions lies the question of the power of the city to enter into contracts of this kind.

If it had the power to construct sewers and to contract therefor, irregularities in the exercise of such power will not in this case relieve the city from liability. Had the city such power? Section 695 of the Code [Code of 1927, Section 5738] makes cities and towns bodies corporate, and gives them general power to contract and be contracted with, and to sue and be sued, and to exercise the inherent and implied powers of such corporations. This is a general grant of power, and our attention has not been called to, nor have we been able to find, any statute with reference to the letting of contracts for public improvements to be paid for by special assessment of the cost thereof to property benefited, which in terms or by necessary implication limits the power conferred in the general grant prior to the enactment of the special assessment statute. Sections 791, 794, 796, 810, 817, and 819 of the Code [part of Code of 1927, Chapter 308] give cities the power to construct sewers and to assess the cost thereof upon the property benefited, or to pay such cost from a sewer district or from the general fund, as the city may elect. It is apparent, therefore, that cities are authorized by the statute itself to make contracts for the construction of sewers, where the cost thereof is to be paid from a general fund, and not from special assessments, and the contracts thus authorized must, we think, relate to the business powers of the city, as distinguished from its governmental powers.''

In *City of Des Moines v. Horrabin*, 204 Iowa 683, we said:

''The city has authority to improve a street and pay the costs out of the general fund or the highway or poll-tax fund, and if it decided to do this, no competitive bids were necessary. *First Nat. Bank v. City of Emmetsburg*, 157 Iowa 555; *Humboldt County v. Incorporated Town of Dakota City*, 197 Iowa 457. A municipal corporation has two classes of powers: One, legislative, public, and governmental; the other, proprietary, quasi private, or business. In the exercise of powers under the second class, and in all transactions arising thereunder, the municipality is governed by the same rules that apply to private individuals or corporations. *First Nat. Bank v. City of Emmetsburg*, supra.''

There has been no departure from the rule recognized in the *Emmetsburg* case, to wit: that, where a city constructs a

sewer, and no attempt is made to tax any portion of the cost of the same against abutting property owners, but the expense for said construction is paid by the city out of the general sewer fund of said city, the proceedings with regard to a resolution of necessity, notice and hearing, and the letting of contract on competitive bids, and other matters as provided by the statute which is now embodied in Chapter 308 of the Code of 1927, need not be followed.

As bearing on the rule, see *Humboldt County v. Incorporated Town of Dakota City*, 197 Iowa 457; *Lee v. City of Ames*, 199 Iowa 1342.

The stipulated facts bring the case squarely within the rule announced in the *Emmetsburg* case, and no change is pointed out in the statute that in any way requires us to overrule said cause or depart from the rule therein announced.

The decree of the trial court is correct, and it. is—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.