C. W. Roland Company, Appellee, v. Town of Carlisle, Appellee, et al., Appellants.

Thorpe Bros. Well Company, Appellee, v. Town of Carlisle, Appellee, et al., Appellants.

No. 41391.

October 25, 1932.

Howard L. Bump and Paul W. Walters, for interveners-appellants.

C. C. Putnam, Paul H. Williams and Leland S. Forrest, for plaintiffs-appellees.

W. M. Wilson and Watson & Watson, for defendant-appellee, Town of Carlisle.

KINDIG, J.—On February 3, 1928, the citizens in the Town of Carlisle submitted to the electors thereof the question whether there should be established in the Town a municipal waterworks system. In the submission of that proposition to the electors, the indebtedness to be authorized was $27,000. A majority of the electors voted at the election in favor of the proposition. Consequently the Town commenced the erection of a municipal waterworks. After spending the entire sum authorized at the election, the municipal waterworks system was not yet completed. So, without asking the electors for further authorization, the Town entered into contracts respectively with the plaintiff-appellee C. W. Roland Company and the plaintiff-appellee Thorpe Bros. Well Company. Then, without the authority of the electors, these appellees furnished labor and material in the construction of the aforesaid municipal waterworks. Following the

completion of the work, demands were made by the respective appellees upon the Town of Carlisle for payment. Accordingly the Town council, on February 12, 1929, passed a resolution providing for the issuance of town warrants, as follows: To the appellee Thorpe Bros. Well Company, $1,356.35, and to the appellee C. W. Roland Company, $4,018.30.

Taxpayers in the town of Carlisle then instituted proceedings to enjoin the town and its officers from issuing or paying the aforesaid warrants as contemplated by the resolution aforesaid. When the action was thus pending, the town, or those interested in the warrants, obtained from the Iowa legislature a curative act which appears in Chapter 378, Acts of the Forty-third General Assembly, at page 449. This act purported to cure certain alleged defects in the warrants and specified irregularities in the proceedings leading up to the issuance thereof. There was, however, a proviso in the above-named curative act, reading as follows: "Nothing in this act shall affect any pending litigation."

Thereafter the cause was submitted to the district court and that tribunal found in favor of C. W. Roland Company and Thorpe Bros. Well Company. The taxpayers in that suit then appealed, and this court reversed the action of the district court on the theory, among others, that the proviso in the curative act prevented the legislation from affecting the litigation then pending. Mote v. Incorporated Town of Carlisle, 211 Iowa 392.

Another proceeding was commenced on February 2, 1931, by C. W. Roland Company and Thorpe Bros. Well Company in the district court of Warren County to collect on the aforesaid claims, on the theory of a compromise: that is to say, the claimants alleged that they had entered into a contract of compromise with the Town of Carlisle in reference to the aforesaid claims. That cause was submitted to the district court, and on April 3, 1931, that tribunal entered a judgment holding the alleged compromise void, and enjoined the city council from carrying out the proposed arrangement.

Finally, on May 28, 1931, the present action was instituted by the appellees C. W. Roland Company and Thorpe Bros. Well Company against the Town of Carlisle, seeking to obtain judgment for the labor and material aforesaid. Thorpe Bros. Well Company asked judgment for $1,356.35, and the appellee C. W. Roland Company demanded judgment against the Town for $4,018.30. Such

relief is asked by the appellees on the theories: First, that the legalizing act, before named, made valid the action of the council in entering into the contracts and merely nullified the warrants outstanding at the time the first suit above-mentioned was instituted; second, that there was uncertainty about the right of the appellees to recover their claims against the Town of Carlisle, and therefore the respective parties compromised the alleged claims and are now entitled to recover upon such arrangement; third, that regardless of the foregoing, the appellees could obtain relief on the theory of quantum meruit under an implied contract; and, fourth, that in any event the appellees could obtain relief under the doctrine of unjust enrichment.

By resolution, the city council employed attorneys and instructed them to confess judgment in favor of the appellees. Accidentally the interveners, Frank Love, Eli Overton, W. K. Cline, Tom Barr, and Sam Densler, taxpayers of the Town of Carlisle, happened into the court room when the cause was being presented to the district court, and filed protests against the proceeding. As a result, the taxpayers aforesaid filed a petition of intervention in the cause then pending, wherein they objected to the allowance of the above-named claims upon the following theories: First, that the matter was adjudicated in the case of Mote v. Town of Carlisle (211 Iowa 392), supra; second, that the question was adjudicated by the second suit, above-named, on April 3, 1931; and, third, that in any event the claims aforesaid are illegal and void because the contracts were entered into without authorization of the electors, as required by law.

I. Can the claimants succeed on the theory that the legalizing act validated the proceedings leading up to the appellees' contracts? Obviously not. In the case of Mote v. Town of Carlisle (211 Iowa 392), supra, it was held that the legalizing act did not validate the warrants proposed to be issued to the appellees because the electors in the Town of Carlisle had not authorized the contracts in consummation of which the warrants were being issued. Under the pleadings in that case but one question was involved, and that proposition related to the warrants themselves. The discussion and finally the holding in the Mote case were confined entirely to the warrants.

It was said in that case that the curative act contained a proviso making it ineffective in the case of pending litigation involv-

ing the subject of the legislation. Manifestly, however, it cannot be said that the curative act separated the original contract between the appellees and the town from the warrants proposed to be issued thereon. Underlying the invalidity of the warrants involved in the Mote Case (211 Iowa 392), supra, was the voidness of the previous proceedings leading up thereto. These preliminary proceedings were void because the electors of the Town had not authorized the new expenditure involved in appellees' contracts for labor and material. When the legislature sought to cure that illegality, it did not attempt to separate the void contracts from the unenforcible warrants issued in an attempt to pay the uncollectible debts. So, appellees' contracts are void and unenforcible under Section 6131 of the 1927 Code, then in force. That legislation reads as follows:

"No such works or plants [waterworks] shall be authorized, [or] established, [or] erected * * * unless a majority of the legal electors voting thereon vote in favor of the same."

Therefore, under the holding in Mote v. Town of Carlisle (211 Iowa 392), supra, appellees' contracts are void and of no effect.

While it is true this court carefully reserved, for future determination, all questions not involved in the case of Mote v. Town of Carlisle (211 Iowa 392), supra, yet the question now under consideration is necessarily controlled by that opinion. Appellees, then, cannot recover on the theory here discussed.

II. A ground of recovery relied upon by the appellees is that the differences between them and the Town of Carlisle were compromised. Consequently it is said by the appellees that they can recover from the Town on the amounts agreed to be paid under the compromise settlement.

For an answer to this contention, the appellants allege that the question of appellees' right to recover upon the said compromise was fully adjudicated in the previous case above mentioned under date of April 3, 1931. This former adjudication was pleaded by appellants in the case at bar. They introduced into the record at the hearing in this case the files and records, including the pleadings, judgments, and evidence, in the former case. In that former suit the appellees were plaintiffs and the Town of Carlisle was defendant. The issues were substantially the same there as they are in the present controversy, and both proceedings were tried and determined in the same court. Under the present proceeding, the

appellants simply are standing in the place of the Town of Carlisle. Therefore, it is plain that the issue based upon the alleged compromise was fully adjudicated in the former proceeding and cannot now be made the basis for a recovery. Riley v. Board of Trustees of Policemen's Pension Fund, 210 Iowa 449; Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655.

 III. Continuing their efforts to sustain the action of the district court, the appellees further argue that they are entitled to recover in this case on the theory of quantum meruit under an implied contract. To put the thought differently, appellees say that even though the original contract is void, yet they having performed the labor and furnished the material, which was accepted and is now being used by the Town of Carlisle, an implied contract to pay therefor arises. Consequently the appellees conclude that they, under the circumstances, can recover on quantum meruit.

On the contrary, the appellants insist that under the recent decisions of this court, the appellees cannot recover on the theory of an implied contract. See Carlson v. City of Marshalltown, 212 Iowa 373, 374; Johnson County Savings Bank v. Creston, 212 Iowa 929. As before indicated, the Town of Carlisle in the case at bar had no right to incur the indebtedness under consideration without being authorized so to do by a vote of its people. So the contract here involved is one which the city council had no power to enter into for the reason that it was not authorized so to do by its electors. Were the contract under consideration one which the city council had the power to enter into, but in its attempt so to do committed certain irregularities, there might be a ratification or an estoppel. In Carlson v. City of Marshalltown (212 Iowa 373), supra, reading on page 378, this court said:

"In the absence of statutory limitation, the city in the exercise of the business powers which it undoubtedly possessed in relation to the matters here in controversy, had, acting through its council, the same discretion and was subject to the same obligations and might ratify or estop itself the same as a private corporation or an individual under similar circumstances might have done * * * It does not lie with the defendant (in the Carlson case) to say that through the fault or negligence of its council no formal contract was made, or that the chairman of the Street and Alley Committee

or the Street Commissioner had no authority to engage plaintiff's services."

However, as above stated, the Town of Carlisle in the case at bar had no power to enter into the contracts in question because such municipal action had not been authorized by the electors. Hence, there can be no recovery on an implied contract for the labor and material attempted to be furnished under a void express contract. Johnson County Savings Bank v. Creston, 212 Iowa 929, supra. Because of the importance of that case in controlling the case at bar, it is appropriate to make extensive quotations therefrom. Reading on pages 932, 933, 934, this court declared in the Johnson County Savings Bank case:

"The contracts in controversy were entered into without submission to competitive bidding. The statute is peremptory that 'all contracts for the construction or repair of street improvements and for sewers shall be let in the name of the city to the lowest bidder by sealed proposals, upon giving' prescribed notice. The statute is a prohibition upon letting such contracts in any other mode. * * * The city undertook to have the repairs in question made by contract. Having undertaken to have them made by contract it was required to let the contract on competitive bidding. * * * It is a general principle that a municipal contract entered into in violation of a mandatory statute, or a contract in opposition to public policy is not merely voidable but void, * * * and that no contract for services rendered or goods furnished pursuant thereto can be implied, nor may the acceptance of benefits thereunder be made the basis of a liability by estoppel. * * * When the legislature withholds power to contract, or permits the exercise of the power in a given case only in accordance with imposed restrictions, the corporation may no more bind itself by implied contract than by the forbidden express contract. All persons dealing with a municipal corporation are charged with notice of the limitations upon its power. Those limitations may not be exceeded, defeated, evaded or nullified under guise of implying a contract. A municipal contract let without competitive bidding, when the statute requires competitive bidding, is void, and no recovery may be had either upon the purported express contract or upon an implied contract to pay the reasonable value of the services or material furnished thereunder."

Manifestly the decision in the Johnson County Savings Bank

case (212 Iowa 929), supra, from which the above excerpt is quoted, controls the proposition under consideration in the case at bar. According to the statute (Section 6131, 1927 Code), "no such works or plants [waterworks] shall be authorized, established, [or] erected * * * unless a majority of the legal electors voting thereon vote in favor of the same."

In Mote v. Town of Carlisle (211 Iowa 392), supra, this court held that the Town of Carlisle had no power to authorize the expenditure under appellees' contracts because the electorate had not consented, as required by statute. Consequently the action of the town council is not one where it had the power to act, but proceeded irregularly. On the contrary, the action of the council was taken without authority and against the very prohibition of the statute. So, under the ruling in Johnson County Savings Bank v. Creston (212 Iowa 929), supra, the appellees in the case at bar cannot recover on the theory of an implied contract.

IV. Finally it is argued by the appellees that they are entitled to recover under the doctrine of unjust enrichment.

It is claimed by appellees that recovery can be had on the theory of unjust enrichment, even though there is no "assent" as required in the case of an express or implied contract. See 13 Corpus Juris, 244, Sec. 10. Whether this is true, we do not decide or suggest. Neither do we determine or indicate whether, in any event, there could be a recovery under the doctrine of unjust enrichment in the case at bar. The appellees have not proven a case under the doctrine of unjust enrichment. Their proof, under the stipulation, is "that the charges prayed for in the petition are just and reasonable for the work done." Such charges include a profit to appellees, as distinguished from a mere benefit to the Town of Carlisle itself.

Again it is necessary to quote from Johnson County Savings Bank v. Creston (212 Iowa 929), supra. There it is said, reading on pages 938-9:

"We shall not be detained by a discussion of the question of whether or not the doctrine of unjust enrichment affords foundation for liability apart from implied contract. If it does then the measure of recovery is the value of the actual benefit realized and retained. * * * The plaintiff here is seeking to recover not the value of the benefit actually realized and retained by the defendant. city but the reasonable value of the services rendered and materials furnished which would include a reasonable profit to the plaintiff regardless

of the question of whether the city actually received and retained a benefit therefrom, regardless of the amount of such benefit and regardless of the fact that the benefits were of such character that they could not be returned. The city had no option to return the alleged benefits. It was impossible from their very nature to return them."

Once more, then, it is apparent that the appellees' claim is barred by the principle announced in Johnson County Savings Bank v. Creston (212 Iowa 929), supra.

Wherefore, under all the claims made by the appellees, it is apparent that they are not entitled to recover in the case at bar. Accordingly the judgment of the district court must be, and hereby is, reversed.—Reversed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, WAGNER, and BLISS, JJ., concur.