EVERDS BROTHERS, a copartnership composed of F. R. Everds and J. C. Everds, plaintiff, v. MILO GILLESPIE et ux., defendants-cross-petitioners, appellees; CITY OF ESTHERVILLE, defendant to cross-petition, appellant.

No. 51232.

(Reported in 126 N.W.2d 274)

318

FEBRUARY 11, 1964.

REHEARING DENIED APRIL 8, 1964.

Rosendahl & Forsyth, of Estherville, for cross-defendant-appellant.

Fitzgibbons & Fitzgibbons, of Estherville, for cross-petitioners-appellees.

GARFIELD, C. J.—Everds Brothers, a partnership engaged in road construction, brought this law action against Milo and Rose Gillespie to recover $1631.39, balance due on a contract for street paving in their new addition to the City of Estherville. Defendants admitted such amount was owing on the contract but alleged the city agreed to pay it. They filed a cross-petition against the city on a claimed oral contract with its engineer that the city would pay 25 percent of the total cost of the improvement and because of their reliance thereon and the city's accept-

ance of the benefits of the contract it was estopped to deny the same. A second count to the cross-petition, added later, sought recovery of the same amount as the reasonable value of the improvement made for the city's benefit.

Trial was to the court on the cross-petition and the city's answer thereto denying the contract was made or was valid. The court held the city engineer made the alleged oral contract, the cross-petitioners relied thereon, the city accepted the benefits thereof, was estopped to deny it was made and the cross-petitioners (not plaintiff-contractor) were entitled to judgment against the city for the $1631.39. The city has appealed. Liability of the cross-petitioners to plaintiff-contractor is not in issue.

I. In the spring of 1958 the cross-petitioners platted their new addition to the city and the city council approved it May 8. The street in front of the platted lots was then unimproved. A lumber dealer named Koenecke, with whom the cross-petitioners did business, and Mrs. Gillespie testify they asked Westergaard, the city engineer, if the city would pay 25 percent of the cost of paving the street and he assured them it would if the work were approved by the city. Mrs. Gillespie says, "We went ahead relying on that and made the deal with Mr. Everds to put it in and I paid him all but the 25 percent which is still not paid."

█ Westergaard denies he ever made such a promise and says he referred Koenecke and Mrs. Gillespie to the city council or its street committee. The trial court found Westergaard made the oral agreement as testified by Koenecke and Mrs. Gillespie. Since this is a law action and the finding is supported by substantial evidence, it is binding upon us. See rule 344(4)(f)1.

Westergaard testifies he had no authority to obligate the city to pay for street improvements. There is other evidence to like effect and none to the contrary. There is no reference in the minutes of city council meetings to any such oral agreement as claimed by the cross-petitioners. Neither of the cross-petitioners appeared before the city council or communicated with it in anyway on the subject in controversy before the street was surfaced.

Mr. Everds, who acted for plaintiff-partnership, says he talked to some individual councilmen about putting in the street

in the addition in question and streets in some other additions and they "said they would pay 25 percent of the cost, which was to relieve the taxpayer, all the accrued things that come up. This was going to be their fixed policy." Two of the councilmen with whom Everds says he talked deny any such conversation and another says he has no recollection thereof. In any event, this claimed conversation was sometime after the cross-petitioners engaged plaintiff to do the work and there is no testimony they were told of it or relied thereon in making the contract.

There is evidence the city paid 25 percent of the cost of paving streets in some other additions which were laid out before the one in question was. The mayor testifies—and it is not disputed—that where this was done the parties appeared before the council and discussed the matter with it. There is also evidence city employees inspected the paving plaintiff installed in this addition and it exceeded city specifications. However, this practice of inspection was followed on some other streets where it was not claimed the city agreed to bear any part of the cost.

On June 18, 1958, the city council passed a motion to use part of the road use tax to pay not over 25 percent of the cost of permanent street projects as petitioned for but this should not include new subdivisions and plats under the subdivision ordinance. The addition in question was a new subdivision and the council action would not apply to it. Further, the motion of June 18 was nullified by the council on June 24.

II. We find it necessary to consider but one of the city's assigned errors—that the court erred in failing to find the alleged oral contract between the cross-petitioners and the city ultra vires and void for failure to comply with the mandatory requirements of chapter 391, Codes, 1958, 1962, and no recovery may be had on the claimed contract. This assignment must be sustained.

Code section 391.31 provides: "All contracts for the construction or repair of street improvements and for sewers shall be let in the name of the city to the lowest bidder by sealed proposals, upon giving notice by two publications" etc. It is undisputed no attempt was made to comply with this mandatory

requirement. No competitive bidding was invited nor opportunity given therefor.

■■ We are committed to the rule that a municipal contract made in violation of a mandatory statute is not merely voidable but void. Also that where the legislature withholds from municipal corporations the power to contract, or permits the exercise of the power in a given case only in accordance with imposed restrictions, the corporation may not bind itself by implied contract or be held liable by estoppel. The alleged oral contract here was in plain violation of section 391.31 and was void.

■ The cross-petitioners' argument that section 391.31 has no application unless cost of the improvement is to be assessed against adjoining property must be rejected. The statute means just what it says. Johnson County Savings Bank v. City of Creston, 212 Iowa 929, 932–934, 231 N.W. 705, 707, 237 N.W. 507, 84 A. L. R. 926, 929, 930 (1930), is conclusive against the position of the cross-petitioners which the trial court accepted. (What is now section 391.31 was section 6004, Codes 1924 to 1939.) This from the cited opinion is decisive here: "* * * we discover no reason for limiting the requirements of section 6004 to contracts in special assessment proceedings.

"The contracts in controversy were entered into without submission to competitive bidding. The statute is peremptory that 'all contracts for the construction or repair of street improvements and for sewers shall be let in the name of the city to the lowest bidder by sealed proposals, upon giving' prescribed notice. The statute is a prohibition upon letting such contracts in any other mode. [citations] The city undertook to have the repairs in question made by contract. Having undertaken to have them made by contract it was required to let the contract on competitive bidding. [citation] It is a general principle that a municipal contract entered into in violation of a mandatory statute * * * is not merely voidable but void [citation], and that no contract for services rendered or goods furnished pursuant thereto can be implied, nor may the acceptance of benefits thereunder be made the basis of a liability by estoppel. [citations]

"Municipal corporations are the creatures of the legislature.

They have such powers to contract, and only such powers, as the legislature grants to them. When the legislature withholds power to contract, *or permits the exercise of the power in a given case only in accordance with imposed restrictions,* the corporation may no more bind itself by implied contract than by the forbidden express contract. All persons dealing with a municipal corporation are charged with notice of the limitations upon its power. Those limitations may not be exceeded, defeated, evaded or nullified under guise of implying a contract. A municipal contract let without competitive bidding when the statute requires competitive bidding, is void, and no recovery may be had either upon the purported express contract or upon an implied contract to pay the reasonable value of the services or material furnished thereunder." (Citations) (Emphasis added.)

We may add this further excerpt from the cited precedent (page 940 of 212 Iowa, page 934 of 84 A. L. R.) : "* * * it is entirely outside the province of the court to suspend or override a positive statute, to confer upon a municipal corporation power which the legislature withholds from it."

Johnson County Savings Bank v. City of Creston, supra, has been consistently followed in later decisions. C. W. Roland Co. v. Town of Carlisle, 215 Iowa 82, 88, 244 N.W. 707, repeats most of what we have quoted above. In the Roland case the indebtedness the electors authorized proved to be insufficient for completion of the improvement. Without further authorization from the electors the town contracted for completion of the project. The contracts were held void and no recovery was allowed the contractors for their labor and material.

Horrabin Paving Co. v. City of Creston, 221 Iowa 1237, 262 N.W. 480, involved another attempt to recover from the city of Creston for paving done under contracts entered into without competitive bidding. Recovery on the theory of a contract implied in fact or one implied in law because of claimed unjust enrichment was denied even though all profit was excluded. The Johnson County Savings Bank opinion was discussed and quoted from at length. There was no dissent.

In Lytle v. City of Ames, 225 Iowa 199, 211, 212, 279 N.W. 453, the assignee of a contractor sought to recover from the city

the balance claimed to be due under a written contract for paving streets which was void because the resolution of necessity was not passed by the required three-fourths vote of the city council. The petition was held demurrable. The Creston cases, supra, and C. W. Roland Co. v. Town of Carlisle, supra, 215 Iowa 82, 244 N.W. 707, were cited and approved.

Incorporated City of Humboldt v. Knight, 255 Iowa 22, 29, 120 N.W.2d 457, 461, involved legality of a contract under which a property owner was to receive free water from the city indefinitely. We held the statute authorizing the city to engage in the waterworks business restricted its power by requiring reasonable rates be fixed by ordinance, the contract was ultra vires and void and there could be no recovery against the city by estoppel.

The Knight opinion quotes this pertinent language from 38 Am. Jur., Municipal Corporations, section 522, page 202: "As a general rule, the doctrine of estoppel cannot be applied as against a municipal corporation to validate a contract which * * * it is authorized to make only under prescribed conditions * * * although the corporation has accepted the benefits thereof and the other party has fully performed his part of the agreement, * * *."

Madrid Lumber Co. v. Boone County, 255 Iowa 380, 121 N.W.2d 523, is persuasive authority for our decision although it involved somewhat different statutory provisions. The lumber company sought to recover, under five different theories stated in as many counts, for material and labor furnished by it under an oral agreement for an addition to the county home. The statutory requirements (Code sections 332.7, 332.8) for a written contract pursuant to competitive bidding upon detailed plans and specifications were not followed. We held plaintiff could not recover under any alleged theory. Johnson County Savings Bank v. City of Creston, Horrabin Paving Co. v. City of Creston, and Lytle v. City of Ames, all supra, and several earlier decisions were cited and followed.

In the precedents we have referred to, except Incorporated City of Humboldt v. Knight, supra, 255 Iowa 22, 120 N.W.2d

457 (so far as shown by the opinion), the party adverse to the municipality relied upon the same cases the cross-petitioners rely upon here. The principal ones are First National Bank of Red Oak v. City of Emmetsburg, 157 Iowa 555, 138 N.W. 451, L. R. A. 1915A 982, Humboldt County v. Incorporated Town of Dakota City, 197 Iowa 457, 196 N.W. 53, and City of Des Moines v. Horrabin, 204 Iowa 683, 215 N.W. 967. All antedate Johnson County Savings Bank v. City of Creston, supra, 212 Iowa 929, 231 N.W. 705, 237 N.W. 507, 84 A. L. R. 926.

We have analyzed these decisions, particularly the Emmetsburg and Horrabin ones before, and pointed out distinguishing features in them. See especially the Creston and Madrid Lumber Company opinions, supra. Insofar as anything in these older opinions may be contrary to our holding in the Creston case in 212 Iowa it must be deemed overruled thereby.

A note on Public Contracts in 10 Drake Law Review 53, by James E. Knox, Jr., says in footnote 7, page 55: "At one time the court took the position that the competitive bidding provisions of section 391.31 were only applicable if the contract was to be paid for by assessments. Dunn v. Sioux City, 206 Iowa 908, 221 N.W. 571 (1928); City of Des Moines v. Horrabin, 204 Iowa 683, 215 N.W. 967 (1927). This position has been abandoned. Johnson County Savings Bank v. City of Creston, 212 Iowa 929, 231 N.W. 705 (1931)." A note on Special Assessments in 13 Drake Law Review 25, by Professor Edward R. Hayes, contains a like statement (footnote 2). The quoted conclusion is correct.

The annotation in 84 A. L. R. 936, 954, following the Johnson County Savings Bank opinion summarizes many decisions from 29 jurisdictions in all as authority for this: "By the weight of authority, where by statute, * * *, the power of a municipality, * * * to make a contract, is limited, * * * to a certain mode or manner of contracting, and any other manner of entering into a contract or obligation is expressly or impliedly forbidden, no implied liability arises against a municipality for benefits received under a contract entered into in violation of these mandatory provisions, * * *."

The supplementing annotation in 110 A. L. R. 153, 155,

cites and discusses Horrabin Paving Co. v. City of Creston, supra, 221 Iowa 1237, 262 N.W. 480, and other later precedents which deny recovery for the value of services or merchandise supplied to a municipality in violation of legislative requirements for competitive bidding. See also the later annotation in 154 A. L. R. 356, 363, and the more recent decisions there cited for the proposition above quoted from 84 A. L. R. 936.

We may observe there was more of a departure here from the required statutory procedure as to the mode of entering into a contract for a permanent street improvement than in most of the applicable precedents. It is not claimed there was any contract here with the city council—only with the city engineer who had no authority to obligate the city for any part of the cost of such an improvement.

The cross-petitioners tell us a city could not function if competitive bidding is required for all street repairs, "even a $10 repair item." It is perhaps a sufficient answer that no such situation is presented. Section 391.31, supra, applies to "All contracts for the construction or repair of street improvements." The claimed contract was to pay part of the cost of construction of paving an unimproved street. Certainly it is within the statutory language. "There will be time enough to bid the Devil 'good morrow' when we meet him." Des Moines v. West Des Moines, 239 Iowa 1, 14, 30 N.W.2d 500, 507; Langlas v. Iowa Life Ins. Co., 245 Iowa 713, 724, 63 N.W.2d 885, 891, 892.

We note, however, section 391.29 provides "The city may oil, oil and gravel, shale, or chloride the streets without letting a contract therefor." And section 391.30 provides for an exception for "graveling, oiling, oiling and graveling, shaling, chloriding, or repairs other than reconstruction or resurfacing." The precise scope of these two provisions need not be considered now since section 391.31 plainly requires letting a contract by competitive bidding for what was done here.

As stated, liability of the cross-petitioners to plaintiff-contractor is not in issue. Judgment for plaintiff against the cross-petitioners therefore stands. Judgment in favor of the cross-petitioners against the city is reversed. Costs to be taxed to the

cross-petitioners. The cause is not remanded for another trial.— Reversed.

All JUSTICES concur.