GUY C. RICHARDSON, appellee, v. CITY OF JEFFERSON et al. as members of council of said city, appellants.

No. 51664.

(Reported in 134 N.W.2d 528)

APRIL 6, 1965.

Francis L. Cudahy, City Attorney, of Jefferson, and Jack R. Hall, of Des Moines, for appellants.

R. K. Richardson of Jefferson, for appellee.

THORNTON, J.—Plaintiff has been granted an injunction by the district court enjoining defendant City, its mayor and city council from submitting to the voters a proposition of extending and improving its swimming pool located in Kelso Park, contracting indebtedness for such purpose not exceeding $20,000, issuing bonds in such amount and levying a tax of one mill per annum for the payment of the bonds and interest.

The defendants appeal. The defendants will be considered as one herein.

Defendant contends it possesses the power to proceed as proposed pursuant to chapter 235 of the Laws of the Sixtieth General Assembly. The district court held chapter 235 was unconstitutional, stating: "* * * it is manifest that it cannot be achieved by legislation alone for the reason that it is addressed to the Dillon rule which has its roots in constitutional principles. * * *. The Dillon rule is a matter of relationship and even the power to delegate. To reverse that relationship is clearly a delegation of power, and an amputation or abdication of the legislative responsibility and power itself."

Defendant's specific contentions are the Dillon rule is of judicial origin and can be changed by the legislature or the courts, under Article III of the Iowa Constitution the General Assembly may delegate to cities and towns broad and implied powers of self-determination as to strictly local and internal affairs. Plaintiff's contentions are exactly to the contrary. He does concede in his brief and argument, "* * * that chapter 235 is nothing more than a declaration of legislative policy. As such, it is a proper exercise of legislative power and the Act should stand."

I. Chapter 235, Sixtieth General Assembly, amends section 368.2, Code of Iowa, 1962, by adding thereto.

Section 368.2, in pertinent part, provides:

"Cities and towns * * * shall have the general powers and privileges granted, and such others as are incident to municipal corporations of like character, not inconsistent with the statutes of the state, for the protection of their property and inhabitants, and the preservation of peace and good order therein, * * *."

Chapter 235 adds thereto the following, we will number the sentences for easy reference:

"[1.] It is hereby declared to be the policy of the state of Iowa that the provisions of the Code relating to the powers, privileges, and immunities of cities and towns are intended to confer broad powers of self-determination as to strictly local and internal affairs upon such municipal corporations and should be liberally construed in favor of such corporations. [2.] The rule

that cities and towns have only those powers expressly conferred by statute has no application to this Code. [3.] Its provisions shall be construed to confer upon such corporations broad and implied power over all local and internal affairs which may exist within constitutional limits. [4.] No section of the Code which grants a specific power to cities and towns, or any reasonable class thereof, shall be construed as narrowing or restricting the general grant of powers hereinabove conferred unless such restriction is expressly set forth in such statute or unless the terms of such statute are so comprehensive as to have entirely occupied the field of its subject. [5.] However, statutes which provide a manner or procedure for carrying out their provisions or exercising a given power shall be interpreted as providing the exclusive manner of procedure and shall be given substantial compliance, but legislative failure to provide an express manner or procedure for exercising a conferred power shall not prevent its exercise. [6.] Notwithstanding any of the provisions of this section, cities and towns shall not have power to levy any tax, assessment, excise, fee, charge or other exaction except as expressly authorized by statute."

Section 2 of chapter 235 is not pertinent here.

The Dillon rule followed by us to this date is: "* * * a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily implied or necessarily incident to the powers expressly granted; third, those absolutely essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable; fourth, any fair doubt as to the existence of a power is resolved by the courts against the corporation—against the existence of the power." Chief Justice Dillon, in Merriam v. Moody's Executors, 25 Iowa 163, 170.

Also see Clark, Dodge & Co. v. City of Davenport, 14 Iowa 494; Clark v. City of Des Moines, 19 Iowa 199, 87 Am. Dec. 423; Ham v. Miller, 20 Iowa 450, 453; 1 Dillon Commentaries on Law of Municipal Corporations, section 237, pages 448 to 450; and Incorporated City of Humboldt v. Knight, 255 Iowa 22, 24, 120 N.W.2d 457.

Chief Justice Dillon also said at page 171 of 25 Iowa, supra:

"The extent of a grant of power is to be ascertained from all of the sections relating to the subject; that is, they are to be read and construed in the light of each other, the better to determine the ultimate object of inquiry, viz., what did the legislature intend? The Mayor v. Howard, 6 H. & J. 392. If it clearly intended to confer the power, the courts should hold it to exist, otherwise not."

Implicit in the above is, in construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. See rule 344(f)13, Rules of Civil Procedure. The inquiry is not what the legislature meant but what does the statute mean.

That we are not to apply rules of construction where the statute is clear and unambiguous is well established. No ambiguity appears in the first three sentences of chapter 235, Acts of Sixtieth General Assembly. The first is a declaration of policy, that the provisions of the Code relating to cities and towns are intended as stated and are to be liberally construed in favor of such corporations. This is true whether the word "should" is considered as the past tense of "shall" expressing a command or as merely a wish. See "Municipal Home Rule In Iowa: House File 380", 49 Iowa Law Review 826, 848, 849 and note; and " 'Home Rule' For Iowa Cities and Towns?" by Leonard C. Abels, 13 Drake Law Review 53, 55. Coupled with the second and third sentences it is no more than a declaration of policy coupled with an affront on the Dillon rule. The three amount to a rule of construction similar to section 4.2, Code of Iowa, 1962. They do not confer power on cities and towns without reference to another statute. It simply states the Dillon rule of strict construction has no application to the Code and how its provisions shall be construed. The first sentence limits its application to those provisions of the Code that pertain to "strictly local and internal affairs", the third to "all local and internal affairs which may exist within constitutional limits." These sentences limit the application of the liberal rule of construction expressed to local and internal affairs of cities and towns, other provisions of the Code not relating to local and internal affairs are not affected. The limitation "within consti-

tutional limits" applies to the constitutional prohibitions, local or special laws for the incorporation of cities and towns, town plats and locating or changing county seats, Article III, section 30; cities and towns shall not become stockholders directly or indirectly in banking corporations, Article VIII, section 4; limitation on indebtedness, Article XI, section 3; and upon the implied constitutional prohibition against the delegation of legislative power by the legislature from the vesting of legislative authority in the General Assembly, Article III, section 1, as such pertains to cities and towns.

█ The fourth sentence is simply directing a change in the rule of construction, *expressio unius est exclusio alterius,* the express mention of one thing implies the exclusion of others. North Iowa Steel Co. v. Staley, 253 Iowa 355, 357, 112 N.W.2d 364; and Dotson v. City of Ames, 251 Iowa 467, 471, 101 N.W.2d 711, 714. It states no section of the Code which grants a specific power shall be construed as narrowing or restricting the general grant of power hereinabove conferred, unless expressly stated or the statute occupies the field. It says the statute stating a specific power shall not be construed as pertaining to the specific power only but shall be construed as in the third sentence to confer broad and implied powers. The words "grant of powers hereinabove conferred" in this sentence do not refer to an express grant of power nor to the grant of power in section 368.2 prior to this amendment but refer to what purports to be a grant of broad and implied powers in the third sentence. None of these four sentences contains a grant of power, no language is used to denote granting power. The most they do is provide a rule of construction of other Code provisions, it is only by reference to another statute that any "broad and implied power over all local and internal affairs" may be found. There is no grant of such broad and implied power.

█ The fifth sentence does no more than provide that the manner or procedure where provided shall be substantially followed and that a granted power shall not fail because of the lack of an express manner or procedure for its exercise. This is declaratory of existing law. Baird v. Webster City, 256 Iowa 1097, 1103, 130 N.W.2d 432, 436; Incorporated City of Hum-

boldt v. Knight, 255 Iowa 22, 120 N.W.2d 457; and City of Des Moines v. Reiter, 251 Iowa 1206, 1212, 102 N.W.2d 363, 367.

The sixth sentence, for the purposes of this case, means exactly what it says, "cities and towns shall not have power to levy any tax, assessment, excise, fee, charge or other exaction except as expressly authorized", it is a limitation, neither a grant of power nor a rule of construction.

We think this construction of this statute would be the same if we resort to such aids to construction as the legislative history, the express intent in the title, the existing mischief sought to be remedied and keeping in mind the legislature is presumed not to have done a vain thing. For legislative history see " 'Home Rule' For Iowa Cities and Towns?", 13 Drake Law Review 53; and "Municipal Home Rule in Iowa: House File 380", 49 Iowa Law Review 826. The legislative history shows the legislation was sponsored by the League of Iowa Municipalities. An attempt to obtain "home rule" by constitutional amendment did fail in the General Assembly. This proposed amendment did contain language granting power. The executive director of the League of Iowa Municipalities testified chapter 235, Acts 60th G. A., "would grant those substantive powers in the same way as by constitutional amendment." The title states, "An Act relating to the powers of cities and towns and to confer upon them broad powers of self-determination with respect to local and internal affairs." The mischief to be remedied, of course, was the necessity of cities and towns going to the legislature to obtain authority and the necessity of the legislature using its time on matters of local concern, in short, the Dillon rule.

In view of the fact the proposed constitutional amendment contained language granting power and chapter 235 does not, we think the legislature undertook to remedy the situation by enacting a statute calling for a more liberal construction of other statutes granting power pertaining to local and internal affairs.

In his article in 13 Drake Law Review 53, page 60, Mr. Leonard C. Abels, the draftsman of chapter 235 and a recognized authority in the field, says:

"The language of House File 380 was designed for the pur-

pose of providing the slight additional amount of persuasion, in those very close cases where the court was in genuine doubt as to whether to rule in favor of the existence of some implied power, necessary to tip the scales in favor of the city. * * * House File 380 was offered merely as a mild form of possible immediate relief to be applied to city problems during the long haul necessary to the adoption of an amendment to the constitution."

██ ██ II. As a rule of construction chapter 235 is not unconstitutional. In cases where the rights of litigants have vested before the amendment or construction of an existing statute by the legislature we have uniformly held we are not bound by the construction placed on the statute by the legislature. Sioux City v. Young, 250 Iowa 1005, 97 N.W.2d 907; Des Moines Independent Community School District v. Armstrong, 250 Iowa 634, 95 N.W.2d 515; and Richardson v. Fitzgerald, 132 Iowa 253, 254, 255, 109 N.W. 866, and citations in each.

██ ██ In Richardson v. Fitzgerald, supra, at page 255 of 132 Iowa, page 867 of 109 N.W., this court said, "The Legislature may say what the law shall be, not what it is or has been, * * *." In State v. Parsons, 206 Iowa 390, 396, 220 N.W. 328, 331, we said, "While a legislative construction of an Act is entitled to due consideration from the courts, it is in no sense binding on the courts."

██ "* * *, it is generally held that a legislative body may by statute declare the construction of previous statutes so as to bind the courts in reference to all transactions occurring after the passage of the new law." 50 Am. Jur., Statutes, section 337, page 329.

To the same effect see 82 C. J. S., Statutes, section 314, pages 534, 535, and People v. Harrison, 194 Mich. 363, 160 N.W. 623, 624. In Town of Koshkonong v. Burton, 104 U. S. 668, 679, 26 L. Ed. 886, 890, the Supreme Court of the United States quoted with approval from Stockdale v. Insurance Companies, 20 Wall. (U. S.) 323, 22 L. Ed. 348, as follows, "Both on principle and authority it may be taken to be true, that a legislative body may, by statute, declare the construction of previous stat-

utes so as to bind the courts in reference to all transactions occurring after the passage of the law, * * *."

Section 4.2, Code of Iowa, 1962, is a similar statute, its constitutionality does not appear to have been questioned.

Sutherland Statutory Construction, Third Ed. (Horack), section 3004, pages 225, 226, states, "* * * that a legislature cannot with binding effect interpret or define its own terms in a subsequent and independent statute is unfounded. * * *."

III. Standing alone chapter 235 is not unconstitutional as a delegation of legislative power nor does it reverse the positions of the state and city in their constitutional order. It goes without saying a city does enjoy legislative power. They existed before states. At the time of the adoption of our present Constitution in 1857 it was of necessity recognized that cities did and would exercise legislative authority in local and internal affairs. In State ex rel. Howe v. City of Des Moines, 103 Iowa 76, 82, 72 N.W. 639, 641,. 39 L. R. A. 285, 64 Am. St. Rep. 157, in reference to delegation of legislative power to cities and towns, we said:

"Immemorial custom, which tacitly or expressly has been incorporated in the several state constitutions, has made these organizations a necessary part of the general machinery of state government, and they are allowed large authority in matters of local government, and to a considerable extent are permitted to make the local laws."

The limitations on delegation of legislative power to cities and towns is not the same as on other political subdivisions without legislative power. 16 Am. Jur.2d, Constitutional Law, sections 250, 251, pages 500 to 502.

IV. All that is mentioned here is broad and implied powers over all local and internal affairs. An implied power stems from a granted power. "Implied" is defined, Webster's New International Dictionary, Second Ed., as follows: "Virtually involved or included; involved in substance; inferential; tacitly conceded." "Broad" is there defined, as here used, "8. Extended in amount or range; extensive; comprehensive. 9. Main and essential; general, as opposed to detailed or minute."

To give effect to this rule of construction we should now,

in addition to those matters necessarily implied or necessarily incident to the powers expressly granted, consider as implied powers those matters that are naturally and fairly incident, involved or included in the area of the express power, ·e.g., such as have the same effect though not within the exact literal meaning of the language used.

V. As this case was presented to the trial court and here, defendant has not urged it does have the power to extend and improve the swimming pool and finance the same by general obligation bonds other than by the power granted under chapter 235. It is not urged it has such power by virtue of applying the rule of construction embodied in chapter 235 to section 407.3, subsection 4, Code of Iowa, 1962.

This was undoubtedly to require a decision on chapter 235.

As defendant has not contended it has the power to extend and improve the swimming pool and finance the same by general obligation bonds by applying the rule of construction embodied in chapter 235 to section 407.3, subsection 4, we are precluded from so considering the case as was the trial court.

Our holding is chapter 235 is a rule of construction and as such is not unconstitutional. It does not grant power as contended by defendant City. It follows, as presented, the case must be affirmed.

This decision is without prejudice to defendant City to institute new proceedings.—Affirmed.

All JUSTICES concur.