**CHELSEA THEATER CORPORATION, Appellee,**

v.

**The CITY OF BURLINGTON, Iowa, Wayne W. Hogberg, Mayor, Lowell H. Bauer, Elaine Baxter, Jack Waldhoff, De Edwin White, City Council Members, and Eugene Loose, Chief of Police, Burlington, Iowa, Appellants.**

No. 2–58941.

Supreme Court of Iowa.

Oct. 19, 1977.

Charles O. Garretson and Hirsch, Wright, Link & Adams, Burlington, for appellants.

Raymond Rosenberg, Des Moines, and Wittkamp & Waples, Burlington, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether a local governmental unit has power to legislate against obscene material in Iowa. At issue is an ordinance of the City of Burlington which purports to regulate obscene materials in that community. The trial court held that § 725.9, The Code, deprives the City of authority to enact an ordinance regulating the availability of obscene materials. We affirm.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court enunciated federal constitutional standards governing state obscenity legislation. When an Iowa obscenity statute, § 725.3, The Code, 1971, was subsequently attacked in *State v. Wedelstedt*, 213 N.W.2d 652 (Iowa 1973), we struck the statute because it did not comport with *Miller* vagueness and overbreadth criteria. We added that, "The proper forum for the difficult task of reconstructing Code section 725.3 and our other obscenity statutes is the legislature." 213 N.W.2d at 657.

The legislature revised the Iowa obscenity statutes in 1974. See Acts 65 G.A. ch. 1267. The new law regulated the dissemination and exhibition of obscene material only with regard to minors, leaving Iowa without a statute regulating obscenity in relation to adults. See §§ 725.1–725.10, The Code.

In 1975 the City of Burlington passed its Ordinance No. 2502 which included provisions defining and prohibiting the sale and distribution of obscene material and public displays of explicit sexual material. Plaintiff Chelsea Theater Corporation, an "adult" movie theater operator, then brought this action against the City, its mayor, city council members and chief of police seeking to have the ordinance invalidated and its enforcement enjoined. After the trial court granted the relief requested, defendant appealed.

The dispute concerns the meaning of § 725.9, The Code, which provides:

In order to provide for the uniform application of the provisions of sections 725.1 to 725.10 relating to obscene material applicable to minors within this state, it is intended that the sole and only regulation of obscene material shall be under the provisions of said sections, and no municipality, county or other governmental unit within this state shall make any law, ordinance or regulation relating to the availability of obscene materials. All such laws, ordinances or regulations, whether enacted before or after this act, shall be or become void, unenforceable, and of no effect upon July 1, 1974.

Plaintiff contends the state preempted the right of the City to enact an ordinance regulating obscene material by this provision, and defendants assert the state preempted only the right to regulate obscene material with regard to minors.

Defendants rely on the City's home rule power to enact ordinances not "inconsistent with the laws of the general assembly." See Ia.Const. Art. 3 § 38A. An ordinance "is not inconsistent with a state law unless it is irreconcilable with the state law." § 364.2(3), The Code. Plaintiff maintains, and the trial court agreed, that the ordinance here is irreconcilable with state law because proscribed by § 725.9.

General principles of statutory interpretation and construction are summarized in *Iowa National Industrial Loan Company v. Iowa Department of Revenue*, 224 N.W.2d 437 (Iowa 1974).

Defendants argue that § 725.9 was intended to preempt for the state only the right to legislate regarding minors because its introductory clause says it was enacted "[i]n order to provide for the uniform application of the provisions of section 725.1 to 725.10 *relating to obscene material applicable to minors within this state * * *.*" The problem with this argument is that the statement of intention and proscription which follow this prefatory clause are not qualified in the same way. After next stating "it is intended that the *sole and only regulation of obscene material* shall be under the provisions of said sections," the legislature provided "no municipality, county or other governmental unit within this state shall make *any law, ordinance or regulation relating to the availability of obscene materials.*" We believe the language of this provision plainly expresses a legislative intention to deny political subdivisions the power to enact any law, ordinance or regulation relating to the availability of obscene material. The language in the introductory clause of § 725.9 relied on by the City is merely descriptive of the state law. The legislature flatly stated its intention that the only regulation of obscene material be by state law and then, in unmistakably clear terms, barred local legislation on the subject.

The United States Supreme Court took the same view of § 725.9 in *Smith v. United States*, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977).

This construction of § 725.9 is confirmed by the legislative history of § 725.9. The original bill introduced in the House did not contain a preemption provision. Preemption was first provided for in proposed amendment H–2337, which was as follows:

Section 7. *NEW SECTION.* UNIFORM APPLICATION. In order to provide for the uniform application of the provisions of this act relating to obscene material within the state, it is intended that the sole and only regulation of obscene material shall be under the provisions of this act, and no municipality, county or other governmental unit within

this state shall make any law, ordinance or regulation relating to obscenity. All such laws, ordinances or regulations, whether enacted before or after this Act, shall be or become void, unenforceable and of no effect upon the effective date of this Act.

H–2337 was defeated by the House. Journal of the House, March 25, 1974, p. 1231. However H–2632, an amended version of H–2337, was passed by the House. Journal of the House, March 26, 1974, p. 1245. It contained two significant changes:

Section 7. *NEW SECTION.* UNIFORM APPLICATION. In order to provide for the uniform application of the provisions of this act relating to obscene material *applicable to minors* within this state, it is intended that the sole and only regulation of obscene material shall be under the provisions of this act, and no municipality, county or other governmental unit within this state shall make any law, ordinance or regulation relating to obscenity *the availability of obscene material to minors.* All such laws, ordinances or regulations, whether enacted before or after this Act, shall be or become void, unenforceable and of no effect upon the effective date of this Act. (Italics indicating additions; dashes indicating deletion.)

When the bill was sent to the Senate, the words "to minors" were deleted from the end of the first sentence of the House version. S–2793, Journal of the Senate, April 17, 1974, p. 1418, and April 26, 1974, p. 1638. The House agreed to this deletion and this version was adopted in the statute. See Acts 65 G.A. ch. 1267 § 9. The striking of a provision before enactment of a statute is an indication the statute should not be construed to include it. *Lenertz v. Municipal Court of City of Davenport*, 219 N.W.2d 513, 516 (Iowa 1974), and citations. The deletion of the phrase "to minors" by both the House and Senate before enactment of § 725.9 lends support to our conclusion that the statute prohibits local governments from regulating the availability of obscene materials generally, and not just with respect to minors. Cf. Acts 66 G.A. ch. 1245 ch. 1 § 2810.

The trial court was correct in holding the Burlington obscenity ordinance to be irreconcilable with state law in the respect involved here and in granting the relief requested by plaintiff.

AFFIRMED.