Garey BRYAN, Ed Harlan, Gerald Leaming, Louis Brundage, William Fitzgerald, Nile Heathershaw, and Ernest Weatherington, Appellants,

v.

CITY OF DES MOINES, Civil Service Commission, and Harry Holmes, Marsh Houston and Ralph Costanzo, Civil Service Commissioners, in their official capacities only, Appellees.

No. 59861.

Supreme Court of Iowa.

Jan. 18, 1978.

Thomas J. Levis and Lawrence F. Scalise, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Eugene E. Olson, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

This appeal involves a challenge by seven Des Moines police officers to educational requirements for promotion. In 1969 the Des Moines city council passed a resolution modifying job specifications by requiring one year of college for eligibility for promotion to police sergeant, lieutenant, and captain after January 1, 1974. Two years of college were to be required for promotion to captain after January 1, 1977. Plaintiffs brought this action in 1975 against the City and its civil service commission, seeking injunctive relief from these educational requirements. The trial court upheld the requirements, and we affirm.

The questions here are (1) whether the City had authority to impose the requirements, (2) if so, whether they could be adopted by resolution, (3) whether they infringe due process and (4) whether they deny equal protection.

An ordinance of the City authorizes the city council to adopt and amend position classification and pay plans for city employees by resolution.

In 1968 a study of the Des Moines police department was conducted by the International Association of Chiefs of Police. At that time the only educational requirement for Des Moines police officers was high school graduation or GED equivalency.

The study report, issued in 1969, recommended discontinuing recognition of the GED certificate and adding specific college educational requirements for promotion. The report included these statements:

> In this day and age when college training has become common place, to employ a police officer who is educationally inferior to the citizens he protects is impractical and handicaps effective police service.

> \* \* \* \* \* \*

> As a result of [his] education, the university student has obtained a broader experience with people, and his abilities have been tested. In short, a college education has started the individual toward a future position of leadership. Such men are contributing a great deal toward the professionalization of law enforcement.

City officials were also aware of the report and recommendations of the President's Commission on Law Enforcement and Administration of Justice (Task Force Report: The Police. 1967), in which college requirements were endorsed.

The city council adopted the educational requirements at issue here by resolution 5561 on December 22, 1969. In 1970 the council enacted an ordinance providing for tuition reimbursement up to $400 per calendar year. In 1974 the council increased the maximum to $600 per calendar year.

Plaintiffs were members of the police department in 1969. They were also members of the Police Burial and Protective Association which asked the city council in March 1975 to eliminate the educational requirements. Plaintiffs were ineligible for civil service promotional examinations to be given in May 1975 solely because they did not have one year of college. The council reviewed expert recommendations again, examined extensive college educational achievements of Des Moines policemen since 1969, and refused to rescind the requirements. This litigation ensued.

██ I. *City council authority.* Plaintiffs contend authority to impose promotional requirements is vested exclusively in the civil service commission because of its

statutory duty to "hold competitive promotional examinations for the purpose of determining the qualifications of applicants for promotion to a higher grade under civil service * * *." § 400.9, The Code. They allege resolution 5561 is invalid because it infringes upon the commission's exclusive statutory authority.

We do not agree. Passing a promotional examination is essential to promotion but is not made the exclusive measure of qualifications.

Home rule empowers a city to set standards "more stringent than those imposed by state law, unless a state law provides otherwise." § 364.3(3), The Code. Any limitation on a city's powers by state law must be expressly imposed. § 364.2(2), The Code; see *Chelsea Theater Corporation v. City of Burlington*, 258 N.W.2d 372 (Iowa 1977). Certain express limitations on a city's authority to establish employment qualifications are fixed by statute. See §§ 400.16, 400.17, The Code. However, those limitations are not involved here. Moreover, § 400.9 does not expressly purport to divest the city council of authority to establish educational requirements.

We hold the civil service commission's sole prerogative to give promotional examinations does not constitute exclusive authority to establish promotional qualifications.

II. *Adoption by resolution.* Plaintiffs allege resolution 5561 is invalid because its subject matter is appropriate only for an ordinance.

As the words are used in the Code, a "resolution" is "a council statement of policy or a council order for action to be taken, * * *," while an "ordinance" is "a city law of a general and permanent nature." § 362.2(18) and (20), The Code.

Notice and publication requirements applicable to ordinances do not extend to resolutions. We are aware of no precedent, nor is any cited to us, which requires a city council to establish or amend employee job classifications or promotional qualifications by ordinance rather than resolution.

The authority of a city council to make administrative decisions by resolution is well established. See *Murphy v. Gilman*, 204 Iowa 58, 214 N.W. 679 (1927); *Sawyer v. Lorenzen*, 149 Iowa 87, 127 N.W. 1091 (1910). Establishing educational requirements for employee promotion is the kind of administrative decision which a city may appropriately make by resolution. We find no merit in plaintiff's contrary contention.

III. *Due process.* Plaintiffs assert resolution 5561 offends substantive due process under the Fourteenth Amendment of the United States Constitution, thereby also violating § 366.1, The Code, 1973. This assertion rests on the premise that the college requirements lack a rational relationship to the public health, safety and welfare. Plaintiffs have the burden to establish their claim beyond a reasonable doubt. *Green v. Shama*, 217 N.W.2d 547, 554–555 (Iowa 1974).

They argue that college requirements have the effect of preventing highly qualified officers from being promoted. In support, they introduced evidence at trial of their own vast experience, ability, competence, leadership and extensive police training.

In response, the City offered expert testimony that college education helps foster qualities which are essential in a modern police officer, including leadership, intellectual curiosity, analytical ability, articulateness, and an ability to cope better with the human problems encountered routinely in police work. A 1969 census report showed the average adult educational level in Des Moines was 12.4 years. In adopting the college requirements, the city reasoned that its officers should have at least the educational level of the people with whom they deal. The City's theory is not that college training necessarily makes good police officers, but that it makes good police officers better.

The correlation between college education and increased supervisory capabilities and enhanced professionalism of police officers has been widely recognized. See, e. g.,

National Advisory Commission on Criminal Justice Standards and Goals, Police, chapter 15 (1973); ABA Standards, The Urban Police Function, § 7.5.

The right of a city to require college training for employment or promotional eligibility has also been recognized. See *Terry v. Civil Service Commission*, 108 Cal. App.2d 861, 240 P.2d 691 (1952); 3 McQuillin, Municipal Corporations, § 12.78b (Third Ed. 1973).

Plaintiffs did not meet their burden to show that the college requirements lack a rational relationship to improving the Des Moines police force. Therefore they failed to prove they infringe substantive due process.

IV. *Equal protection.* Plaintiffs contend resolution 5561 denies them equal protection of the law in violation of the Fourteenth Amendment of the U.S. Constitution.

Traditional equal protection analysis is applicable. See *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976); *Lunday v. Vogelmann*, 213 N.W.2d 904 (Iowa 1973).

The challenged classification, which is determinative of eligibility to take promotional examinations, is of officers who have met the college education requirements and those who have not. The equal protection question is whether this classification bears a fair and substantial relation to a legitimate governmental goal. Analysis of plaintiffs' substantive due process claim is equally applicable here. *Chicago Title Insurance Company v. Huff*, 256 N.W.2d 17, 27 (Iowa 1977). Because plaintiffs did not prove the college requirements lack a rational relationship to improving the police force, they did not demonstrate the absence of a fair and substantial relationship between the challenged classification and an appropriate governmental objective.

We hold plaintiffs did not carry their burden to prove resolution 5561 denied them equal protection of the law.

The trial court was right.

Plaintiffs have moved that the City be taxed with printing costs attributable to reproducing exhibits in the appendix. We overrule this motion. However, taxable printing costs shall not exceed $3.00 per page. See *Lucas v. Pioneer, Inc.,* 256 N.W.2d 167, 180 (Iowa 1977).

AFFIRMED.