STATE ex rel. Chad LANKFORD,
Appellant,

v.

Brian MUNDIE, Appellee.

No. 92–1851.

Supreme Court of Iowa.

Nov. 24, 1993.

Rehearing Denied Dec. 22, 1993.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Jeffrey D. Farrell, Asst. Atty. Gen., for appellant.

C. Joseph Coleman, Jr., Fort Dodge, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

HARRIS, Justice.

Two past attempts by the State to establish respondent's paternity were unavailing, the first on a finding it was time barred, and the second on the basis of res judicata. Notwithstanding new legislation intended to obviate these defenses, the trial court also disallowed this third action. We affirm.

The child was born June 17, 1973. In 1979, six-and-one-half years later, the State brought an action (hereafter *Mundie I* ) under what is now Iowa Code chapter 252A (1993) to establish paternity and seek support from respondent Brian Mundie. In 1979 the district court determined that the action was time barred by the five-year limitation specified in Iowa Code section 614.1 and dismissed the suit.

In 1981, in an unrelated case, we determined that the statute of limitations applicable to chapter 252A actions was nineteen, not five, years. *Stearns v. Kean,* 303 N.W.2d 408, 413 (Iowa 1981). This ruling prompted the State to again file a paternity action (hereafter *Mundie II* ) against Mundie. The district court again dismissed the suit, but this time on res judicata grounds. We affirmed, reasoning that *Mundie I* was deemed an adjudication on the merits under Iowa rule of civil procedure 217, under which "all dismissals . . . shall operate as adjudications on the merits unless they specify otherwise." *State ex rel. Iowa DHS v. Mundie,* 436 N.W.2d 60 (Iowa 1989). Thus, although the statute of limitations no longer barred the suit, *Mundie II* was also dismissed because it sought to relitigate the same claim dismissed "on the merits" in *Mundie I.*

In apparent response to this decision the legislature enacted present section 252A.5A which reads as follows:

An action to establish paternity and support . . . may be brought concerning a person who is under age eighteen on August 17, 1984, *regardless of whether any prior action was dismissed because the*

*statute of limitations* of less than eighteen years was then in effect. . . .

1990 Iowa Acts ch. 1224 § 3 (emphasis added). Armed with this enactment the State brought the present paternity action (hereafter *Mundie III* ).

The trial court dismissed it, not on the basis of the statute of limitations, but on the ground of claim preclusion resulting from the dismissal of the prior suit in *Mundie II.* Because section 252A.5A addresses only previous dismissals on statute of limitations grounds, the trial court felt it did not save the claim for *Mundie III.* The matter is before us on the State's appeal from the order of dismissal. Our review of this equitable action is de novo. Iowa R.App.P. 4.

■ We agree with the trial court's dismissal for somewhat expanded reasons. We think the legislation would have been ineffective to invalidate the original judgment in favor of Mundie, even without the subsequent judgment based on res judicata in *Mundie II.* A legislature lacks the power to change a valid judgment after it is entered. Any legislative attempt to do so is unconstitutional and invalid. *Young v. O'Keefe,* 248 Iowa 751, 756, 82 N.W.2d 111, 114–15 (1957); 2 N. Singer: *Sutherland Stat. Const.* § 41.08 (5th ed. 1991); 82 C.J.S. *Statutes* § 426 (1953); 46 Am.Jur.2d *Judgments* § 444 (1969). *See also Garrison v. Garrison,* 179 N.W.2d 466, 468 (Iowa 1970). Because of its legal effect and finality, the 1979 judgment of dismissal in *Mundie I* placed the matter of Mundie's paternity beyond the reach of the legislature. No subsequent legislation could alter that judgment.

We have often expressed our acknowledgment that, under the separation of powers doctrine, it is the prerogative of the legislature to declare what the law shall be, but the prerogative of the courts alone to declare what the law is. *West Des Moines State Bank v. Mills,* 482 N.W.2d 432, 436 (Iowa 1992); *State v. James,* 393 N.W.2d 465, 467 (Iowa 1986); *Ruthven Consol. Sch. Dist. v. Emmetsburg Community Sch. Dist.,* 382 N.W.2d 136, 140 (Iowa 1986); *Franke v. Junko,* 366 N.W.2d 536, 539 (Iowa 1985); *Slockett v. Iowa Valley Community Sch. Dist.,* 359 N.W.2d 446, 448 (Iowa 1984); *Richardson v. City of Jefferson,* 257 Iowa 709, 717, 134 N.W.2d 528, 533 (1965). We greatly respect and freely yield to the legislature's clear authority to declare law for the future. But it would be inimical to our system of government to allow another branch of government to reverse final court adjudications.

The district court ruled correctly in dismissing the suit.

**AFFIRMED.**