CITY OF CLINTON, Iowa, Appellant,

v.

Charles A. SHERIDAN, Clinton County Auditor, Appellee.

No. 94–82.

Supreme Court of Iowa.

April 26, 1995.

Bruce D. Johansen, City Atty., for appellant.

Lawrence H. Schultz, County Atty., for appellee.

ANDREASEN, Justice.

The electors of Clinton, Iowa adopted a home rule charter in 1987. All powers of the city were vested in the city council, except as otherwise provided by the laws of Iowa and the provisions of the charter. The charter included initiative and referendum provisions for adoption, amendment, or repeal of ordinances by voters at an election.

In this appeal we must determine if the initiative and referendum provisions of Clinton's home rule charter are contrary to Iowa

law. Based on opinions from the Office of the Iowa Attorney General that initiative and referendum elections are not authorized, the Clinton County Auditor, as commissioner of elections (Auditor), refused to place a referendum issue on the ballot at the 1993 city election.

The city then commenced a declaratory judgment action. The city requested the court declare that the initiative and referendum provisions of its charter are constitutional and not inconsistent with state law and that the Auditor be required to submit the referendum issue on the ballot at a municipal election. The issue was submitted to the district court upon motion for summary judgment by both parties. The court ruled that the initiative and referendum provisions were inconsistent with state law and dismissed the petition. On appeal, we reverse.

## I. *Constitutional Home Rule.*

In 1968 the Constitution of the State of Iowa was amended. This twenty-fifth amendment to the constitution provided:

Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the General Assembly, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the General Assembly.

The rule or proposition of law that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state.

Iowa Const. art. III, § 38A.

Prior to the amendment, municipal corporations "owe[d] their origin to, and derive[d] their power and rights wholly from, the legislature." *City of Clinton v. Cedar Rapids & Missouri River R.R. Co.*, 24 Iowa 455, 475 (1868). The home rule amendment granted broad powers and authority to the municipalities and rejected the *Dillon* rule [1] that had limited the power of the municipality. *Bechtel v. City of Des Moines*, 225 N.W.2d 326, 328–29 (Iowa 1975). Under the *Dillon* rule municipal corporations possessed and could

exercise only those powers granted in express words, or those necessarily implied or incident to the powers expressly granted, or those absolutely essential to the declared objects and purposes of the municipality. *Id.*

 Under the provisions of the amendment, if the state statute and the municipal ordinance cannot be reconciled, the statute prevails. *City of Des Moines v. Gruen*, 457 N.W.2d 340, 342 (Iowa 1990). The amendment granted cities broad authority to regulate matters of local concern subject to preemption by laws of the general assembly. *Id.* at 341. An ordinance is inconsistent with a law of the general assembly and, therefore, preempted by it, when the ordinance prohibits an act permitted by a statute or permits an act prohibited by a statute. *City of Council Bluffs v. Cain*, 342 N.W.2d 810, 812 (Iowa 1983). An ordinance is also preempted by state law when it invades an area of law reserved by the legislature to itself. *Id.*

All municipal corporations in Iowa were granted home rule power and authority under the amendment. At the time of the home rule amendment, four forms of municipal government were statutorily recognized. They were (1) mayor-council, Iowa Code chapter 363A; (2) commission, Iowa Code chapter 363B; (3) council-manager by election, Iowa Code chapter 363C; and (4) council-manager by ordinance, Iowa Code chapter 363D (1966).

## II. *Home Rule Act for Cities.*

Following the adoption of the home rule amendment, the general assembly created a study committee to review state statutes relating to municipal corporations. 1969 Iowa Acts ch. 333. In 1972 the legislature made wholesale revisions of municipal statutes. 1972 Iowa Acts ch. 1088 (home rule for cities). Under the 1972 Acts the legislature vested the power of a city in the city council except as otherwise provided by state law. *Id.* § 11. Specific limitations were imposed on the city powers and duties. *Id.* § 12. Six forms of city government were recognized, including a home rule charter. *Id.* § 47.

---

**1.** Chief Justice Dillon in 1868 outlined the nature of the city's powers in *Clinton*, 24 Iowa 455 at

475 and *Merriam v. Moody's Executors*, 25 Iowa 163, 170 (1868).

Specific provisions were enacted establishing procedures of adoption of a home rule charter, contents of the charter, and amendments to the charter. *Id.* §§ 55–57. The provisions of the 1972 Acts may be cited as the City Code of Iowa and are now codified in chapters 362, 364, 368, 372, 376, 380, 384, 388, and 392 of the City Code of Iowa (1995). Iowa Code § 362.1.

### III. *Clinton Home Rule Charter.*

As permitted by the City Code of Iowa, the city of Clinton adopted a home rule charter. Iowa Code §§ 372.9–.10 (1987). The charter included an extensive initiative and referendum provision, article VI. Under its provisions:

> The qualified electors have the right to propose ordinances to the City Council and, if the City Council fails to adopt an ordinance so proposed without any change in substance, to have the ordinance submitted to the voters at an election.

> The qualified electors have the right to require reconsideration by the City Council of an existing ordinance and, if the City Council fails to repeal such ordinance, to have it submitted to the voters at an election.

Clinton home rule charter, art. VI, § 6.1A(1) and (2).

### IV. *Background.*

In July 1993 the Clinton city council adopted five separate safety standards ordinances (building, fire, electrical, mechanical, and plumbing). After petitions with sufficient qualified electors' signatures had been filed, the city council voted not to repeal the ordinances. As provided by the home rule charter, the city then directed the ordinances be forwarded to the Auditor to be placed on the ballot at the November 1993 municipal election.

When the Auditor refused to submit the referendum to a vote, the city petitioned for declaratory judgment and injunctive relief. The petition asked the court to declare the initiative and referendum provisions of the city's home rule charter to be constitutional and to prohibit the Auditor from refusing to submit the referendum issues requested by the city. After the requested injunctive relief had been denied, the declaratory judgment petition was submitted to the district court.

The district court held article VI of the charter is contrary to state law. The court found provisions of the City Code of Iowa and the election laws of Iowa were inconsistent with the initiative and referendum provisions of the Clinton charter.

### V. *Scope of Review.*

The parties agree our scope of review in this declaratory judgment action submitted on motion for summary judgment is for correction of errors at law.

### VI. *Charter Provisions Consistent With City Code of Iowa.*

■ To resolve the issue raised in this case we must construe both constitutional and statutory provisions. Generally, constitutional and statutory provisions are subject to the same rules of construction. *Junkins v. Branstad,* 448 N.W.2d 480, 483 (Iowa 1989). We first look at the words employed, giving them meaning in their natural sense and as commonly understood. *Id.* (citation omitted). In deciding the meaning of the provisions we strive to ascertain the intent of the framers and of the legislators. *See Redmond v. Ray,* 268 N.W.2d 849, 853 (Iowa 1978). We may also examine the history and consider the object to be attained as disclosed by circumstances at the time of the adoption. *Id.*

In 1963 the Iowa general assembly, in an attempt to overturn the *Dillon* rule, passed a home rule act. 1963 Iowa Acts ch. 235. When required to construe its provisions, we held the statute was a rule of construction and as such it was not unconstitutional. *Richardson v. City of Jefferson,* 257 Iowa 709, 719, 134 N.W.2d 528, 534 (1965). In *Richardson* we reviewed the legislative history and the objects to be attained by home rule. *Id.* at 714–17, 134 N.W.2d at 531–33. We expanded our historical review of home rule following the adoption of the constitutional amendment and the City Code of Iowa. *Bechtel,* 225 N.W.2d at 328–29. We conclud-

ed the intention of the framers of the constitutional amendment was to grant cities power to rule their local affairs and government subject to the superior authority of the general assembly. *Id.* at 332.

The City Code of Iowa provides in part: "Council" means the governing body of a city.

Iowa Code § 362.2(8) (1993).

A city may, except as expressly limited by the Constitution, and if not inconsistent with the laws of the general assembly, exercise any power and perform any function it deems appropriate to protect and preserve the rights, privileges, and property of the city or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort, and convenience of its residents.

*Id.* § 364.1.

A power of a city is vested in the city council except as otherwise provided by a state law.

*Id.* § 364.2(1).

The enumeration of a specific power of a city does not limit or restrict the general grant of home rule power conferred by the Constitution. A city may exercise its general powers subject only to limitations expressly imposed by a state or city law.

*Id.* § 364.2(2).

An exercise of a city power is not inconsistent with a state law unless it is irreconcilable with the state law.

*Id.* § 364.2(3).

The following are limitations upon the powers of a city:

1. A city council shall exercise a power only by the passage of a motion, a resolution, an amendment, or an ordinance.

*Id.* § 364.3.

Passage of an ordinance ... requires an affirmative vote of not less than a majority of the council members....

*Id.* § 380.4.

The district court reasoned, if the power of a city is vested in the city council, and if the city council is the governing body of the city, and if it can exercise city powers only by the passage of an ordinance, then only the city council can pass or repeal an ordinance. The court concluded "[a]uthorizing the electors to adopt or repeal an ordinance cannot be reconciled with Iowa law which requires the City Council to take such action."

■ Although the council is the governing body, it is not inconsistent to permit ordinances by initiative and referendum vote. Iowa Code section 364.2(4)(b) specifically allows franchise ordinances to be adopted or repealed by the vote of the electorate. The procedure for the adoption and amendment of a home rule charter by ordinance may require submission of the proposed charter or amendment to the voters at a special election. Iowa Code §§ 372.9 and .11. Iowa has a long tradition of permitting cities under special charters to submit ordinances on initiative or referendum vote of the electorate. *See* 1907 Iowa Acts ch. 48, §§ 19–20.

In *Eckerson v. City of Des Moines,* 137 Iowa 452, 483, 115 N.W. 177, 189 (1908), we upheld the legality of the 1907 act that permitted initiative and referendum vote. In upholding its legality, we quoted "[t]here is certainly no provision of our Constitution which expressly, or by reasonable inference, prohibits it." *Id.* at 483–84, 115 N.W. at 189 (citation omitted). Although the general assembly is not authorized to submit to a popular vote the questions as to whether or not a proposed act should become law, it does not follow the general assembly may not reserve to the electorate of a subdivision the right to determine on popular vote if an act should be adopted. *Id.* at 478, 115 N.W. at 187. The statutory provisions vesting city power in the council, requiring the city council to exercise its power by passage of an ordinance, and providing adoption or repeal of an ordinance by the affirmative vote of a majority of the council were in existence in 1908 when we filed the *Eckerson* decision. Iowa Code §§ 668, 680, 683 (1907).

■ The power of direct legislation by initiative and referendum frequently is given to qualified voters of a municipality. 5 Eugene McQuillin, *The Law of Municipal Corporations* § 16.49 (3d ed. 1989). Whether the power of initiative and referendum exists in

any particular municipality depends upon the constitution, charter, or statute. *Id.* But generally speaking, provision for the power and its exercise, particularly with respect to home rule in larger cities, is to be found in charters, and the power and mode of its exercise are governed by charter provisions rather than by statutes. *Id.*

The Iowa legislature has expressly preserved the power given to the city by the constitutional amendment unless it is irreconcilable with state statutes. The requirements of section 364.2(3) merely place limitations upon how the city council exercises its power. It is not an express prohibition against a home rule charter providing for initiative and referendum voting. Initially section 56 of the 1972 home rule act provided:

A home rule charter must contain and is limited to provisions for:

1. A council of an odd number of members, not less than five.
2. A mayor, who may be one of those council members.
3. Two-year or staggered four-year terms of office for the mayor and council members.
4. The powers and duties of the mayor and the council, consistent with the provisions of this Act.

The words, "and is limited to" were repealed in 1975. 1975 Iowa Acts ch. 203, § 22. The obvious purpose of this deletion was to allow the home rule charters to include the broad powers to determine local affairs and government as provided by the constitutional amendment.

The constitutional amendment granted home rule power to determine local affairs and *government.* The City of Clinton is organized under a home rule charter form of government permitted by the amendment and specifically allowed under the City Code of Iowa. The City of Clinton's charter expressly authorizes initiative and referendum adoption and repeal of ordinances. The home rule amendment granted the city power to determine its local government. The city is no longer dependent upon the legislature to grant it power. "Any limitation on a

city's power by state law must be expressly imposed." *Bryan v. City of Des Moines*, 261 N.W.2d 685, 687 (Iowa 1978). We find no irreconcilable conflict between the provisions of the City Code of Iowa and the initiative and referendum provisions of the Clinton home rule charter.

VII. *Charter Provisions Consistent With Election Laws.*

The second argument urged for denying municipal initiative and referendum vote is that relied upon by the Auditor as expressed in attorney general opinions. The attorney general stated in part:

[W]e are of the opinion that elections may only be held upon matters which are specifically authorized by the Constitution or statutes of the state.

. . . .

In 1976, we opined that the municipal home rule amendment does not give cities the authority to, by municipal charter, establish a type of election not otherwise allowed by law. 1976 Op.Iowa Att'y Gen. 681.

. . . .

[W]e conclude that political subdivisions may only authorize the presenting of questions to voters on matters that are specifically required or authorized to be placed before the electorate by statute or by Constitution. . . . The commissioner of election does not have the authority to conduct an illegal or unauthorized election, and, therefore has the authority to refuse to conduct an election if the election is not specifically authorized or required by statute or by the Constitution.

1992 Op.Iowa Att'y Gen. 169, 170–71.

An earlier opinion stated:

Since our election laws are so carefully detailed and prescribed, I must conclude that in absence of constitutional or statutory authority, such submissions to the voters are unlawful.

1972 Op.Iowa Att'y Gen. 263, 264.

■ The Iowa Attorney General has consistently expressed an opinion that elections on adoption, amendment, or repeal of ordinances are not permitted unless specifically

required or authorized by statute, despite the existence of home rule powers. Although an attorney general's opinion is not binding on us, it is entitled to our respectful consideration. *Albia Publishing Co. v. Klobnak,* 434 N.W.2d 636, 639 (Iowa 1989). However, when a controversy addressed by an attorney general opinion reaches the court for determination, the court must enter upon an independent inquiry as to the interpretation to be placed upon the statute. *City of Nevada v. Slemmons,* 244 Iowa 1068, 1071, 59 N.W.2d 793, 794 (1953).

Here, the attorney general suggests, in the absence of express statutory authority, the submission of an initiative or referendum would be invalid. This suggestion is a carry-over of the *Dillon* rule under which a municipal corporation possessed and exercised only those powers granted by the legislature in express words.

To require specific statutory authority to permit an initiative or referendum vote is contrary to the intent of the amendment that rejected the *Dillon* rule. Cities no longer have only those powers granted by the legislature. *Bryan,* 261 N.W.2d at 687. We find no irreconcilable conflict between the election laws and the initiative and referendum provisions of the Clinton home rule charter. If the general assembly intended to preempt municipal initiative and referendum powers, it could have done so by express and unambiguous statutory language. *See Chelsea Theater Corp. v. City of Burlington,* 258 N.W.2d 372, 373 (Iowa 1977). We find no preemption problem.

We reverse and remand for entry of judgment in accordance with this decision.

**REVERSED AND REMANDED.**

All justices concur except TERNUS, J., who dissents, and is joined by CARTER, J.

TERNUS, Justice (dissenting).

I respectfully dissent. Although I agree with the majority's underlying premise that a city may exercise any power not inconsistent with state law, I disagree with its conclusion that the initiative and referendum provision of the Clinton city charter does not conflict with the City Code of Iowa.

The City Code of Iowa vests city powers in the city council. Iowa Code § 364.2(1) (1993). The City Code then places *"limitations* upon the powers of a city" by stating that the council must exercise a power *"only* by the passage of a motion, a resolution, an amendment, or an ordinance." *Id.* § 364.3(1) (emphasis added). This limitation is particularly significant in view of the legislature's express requirement that cities "substantially comply with a procedure established by a state law for exercising a city power." *Id.* § 364.6.

The clear result of these statutes when read together is that a city power may be exercised *only* by the *city council's* passage of a motion, a resolution, an amendment, or an ordinance. An initiative and referendum provision such as the one in the Clinton city charter allows the *electorate* to exercise a city power by enacting an ordinance. Such a provision conflicts with the legislature's express limitations on the exercise of city powers. Unlike the majority, I think this conflict is irreconcilable.

The majority appears to rely on *Eckerson v. City of Des Moines,* 137 Iowa 452, 115 N.W. 177 (1908), to support its conclusion that initiative and referendum votes do not conflict with the City Code of Iowa. The majority points out that the pertinent provisions of the City Code were also in existence at the time of the *Eckerson* decision, where we allowed a local initiative and referendum vote. However, the initiative and referendum provision approved in *Eckerson* was contained in a *state* law and for that reason alone would not conflict with the City Code. *See* Iowa Code § 364.2(1) (1993) ("A power of a city is vested in the city council *except as otherwise provided by a state law."*) (emphasis added). In contrast, the initiative and referendum provision involved in this case is in a *city* charter, an important factual difference. Consequently, the *Eckerson* decision has no precedential value here.

I would affirm the district court's declaratory ruling that the initiative and referendum provision of the Clinton city charter is illegal.

CARTER, J., joins this dissent.